Austin Tyler v. The State.

No. 1938.    Decided October 30, 1912.

1.—Incest—Sufficiency of the Evidence.

Where, upon trial of incest, the evidence supported the conviction, there was no error.

2.—Same—Accomplice—Charge of Court—Consent.

Where, upon trial of incest by force, the court submitted the law applicable to the facts, and also charged the jury to acquit the defendant if the prosecutrix consented to sexual intercourse, because there was no corroborative evidence of her testimony, there was no error.

3.—Same—Charge of Court—Practice on Appeal—Rule Stated.

When the court below has properly submitted a question to the jury in general terms and no exception is taken thereto at the time, and no special charge was requested for a fuller submission of the question, and the appellant for the first time complains of the court's charge in his amended motion for new trial, there is no reversible error.

4.—Same—Charge of Court—Conflicting Objections—Favorable Instruction.

Where defendant was charged with incest by force on his daughter, and the court instructed the jury to acquit the defendant if his daughter gave consent, for want of corroboration of her testimony, and defendant contended that the court should have charged that in determining that question, the jury should take into consideration all the facts and circumstances connected with the case, and also complained that there was no testimony that said daughter consented, his contentions were conflicting; besides, the court's charge was more favorable to defendant that anything contended for by him.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. Robt. G. Street.

Appeal from a conviction of incest; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. C. Turnly* and *O. S. York,* for appellant.—On question of insufficient corroboration: Mercer v. State, 17 Texas Crim. App., 452;

Dolson v. State, 24 id., 514; Coburn v. State, 36 Texas Crim. Rep., 257; Clifton v. State, 46 id., 18; Gillespie v. State, 49 id., 530; Barrett v. State, 55 id., 182; Ratliff v. State, 60 S. W. Rep., 666.

On the question of the court's charge on consent: Salazar v. State, 55 Texas Crim. Rep., 307; Pate v. State, 93 S. W. Rep., 556.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was indicted for incest by force on his daughter, was convicted and his penalty assessed at the lowest—two years in the penitentiary.

The testimony, which was evidently believed by the jury, showed without question that the appellant with force, and not with the consent of his daughter, had carnal intercourse with her as charged in the indictment. It is unnecessary to detail the evidence.

The only bill of exception in the record is to the overruling of appellant's motion for new trial, said motion having several separate and distinct grounds therein.

The court by proper charge submitted the case to the jury, and authorized them to convict him if they believed beyond a reasonable doubt that he had carnal intercourse with his daughter as charged in the indictment, knowing at the time she was his daughter; but if they did not so believe beyond a reasonable doubt to acquit him. He also charged that in all criminal cases the burden of proof is on the State, the presumption of innocence and reasonable doubt as required by the statute, and that they were the exclusive judges of the facts proved and the credibility of the witnesses, etc. In a separate paragraph he gave this charge: "If you believe from the evidence that Leroire Tyler consented to such carnal knowledge, you are instructed to acquit the defendant and return a verdict of 'not guilty,' not because the absence of consent is essential to the crime of incest, but because consent renders her an accomplice and conviction can not be had on the testimony of an accomplice without corroborative evidence and the court does not consider there is such corroborative evidence in this case."

Appellant complains that the court failed to charge the jury that in determining whether or not appellant's daughter consented to the intercourse with her father "they should take into consideration all the facts and circumstances connected with the case." They asked no charge to that effect. The first complaint thereof is in their amended motion for new trial. They took no bill of exceptions at the time to the charge because of this. It is the settled law of this State that when the court has properly submitted a question to the jury in general terms, and no exception is taken thereto at the time, and no special charge requested for a fuller submission of such question that there is no reversible error. It is needless to cite the cases.

The next complaint by appellant is that the court erred in giving the above quoted charge because there was no testimony in the case that said daughter of appellant consented to said intercourse, and that thereby the charge restricted the jury to a fact that was not in evidence, but claims that the court should have charged the jury to take into consideration all the facts and circumstances connected in the case and that if they determined she was an accomplice that she would have to be corroborated with other testimony tending to connect the defendant with the commission of the act.

Appellant's contentions are conflicting. The said charge given was more favorable to appellant than anything contended for by him in that regard, for it peremptorily told the jury that if the daughter consented to such carnal intercourse she was an accomplice and as she was not corroborated, if she consented, to return a verdict of not guilty. What we have said above shows that there was no merit in appellant's other contentions on the same line.

The judgment is affirmed.

*Affirmed.*