JOHN CHANDLER v. THE STATE.

No. 6258. Decided May 11, 1921.

Intoxicating Liquors—Possession of Equipment for Manufacturing—Sufficiency of the Evidence.

Where, upon trial of possessing equipment for the manufacture of intoxicating liquor contrary to law, the evidence supported the conviction, there was no error in refusing a peremptory charge to acquit, and the conviction was sustained.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of the unlawful possession of equipment for the manufacture of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne, Ross Huffmaster*, and *Miller & Miller*, for appellant.

*R. H. Hamilton*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of the offense of possessing equipment for the manufacture of intoxicating liquor, not for medicinal, mechanical, scientific or sacramental purposes, and his punishment fixed at confinement in the penitentiary for a period of one year.

Appellant presented to the court a request for an instructed verdict of not guilty, and in his motion for new trial complains that the evidence was insufficient to support the conviction.

It was shown that appellant owned and had charge of a farm in Kaufman county, and it was in testimony by an accomplice witness named Neal that on this farm he, appellant and appellant's son manufactured whisky, using certain apparatus which was described, and consisting of a mill for grinding corn, a number of barrels for containing mash, a certain coil and pipes with elbows to them, with which apparatus said witness testified they manufactured liquor and divided it among themselves, witness getting four gallons, appellant four gallons, and appellant's son three gallons of said whisky. The place on appellant's farm where the still was operated was described by said witness as being at the end of certain cotton rows just across a branch near a slough. It was testified by an officer that in October, 1920, he went to the farm of appellant, and at the end of the cotton rows near a slough he found a place where there had been a fire, and where some mash had been poured out into said slough, and about thirty yards from that place he found a bucket of whisky. Following a wagon track which led from this place over to an adjoining farm, witness found there the barrels, piping, coils and a mill for grinding corn, which was identified by Neal as being the apparatus used on appellant's place. It was also shown by Mr. Jones that appellant approached him with a proposition to make some whisky, and also shown by the witness Woodward that appellant made to him a proposition that if he would get Bill Jenkins and they would furnish the barrels, that he, appellant, would make the whisky and divide up with them. We think the trial court correctly refused appellant's request for an instructed verdict of not guilty, and that the judgment was not without evidence to support same.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*