## CLYDE CHANDLER v. THE STATE.

### No. 6253.   Decided May 11, 1921.

1.—Intoxicating Liquors—Manufacture—Indictment.

Where, upon trial of manufacturing intoxicating liquors contrary to law, the indictment followed approved precedent, there was no error in overruling the motion to quash.

2.—Same—Sufficiency of the Evidence—Accomplice.

Where, upon trial of the illegal manufacture of intoxicating liquors, the testimony of the accomplice was sufficiently corroborated, and the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of illegal manufacture of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne, ·Miller & Miller, Huffmaster & Huffmaster,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of the offense of manufacturing intoxicating liquor, not for medicinal, mechanical, scientific or sacramental purposes, and his punishment fixed at confinement in the penitentiary for a period of one year.

Appellant's motion to quash the indictment because the same is duplicitous is not well taken.

It is contended that the court should have given appellant's request-ed instruction for a verdict of not guilty, and that the evidence does not support the judgment rendered. It was in testimony by an accomplice that he, appellant, and others manufactured whisky on the farm of John Chandler. This witness described the equipment and process used in manufacturing said liquor, and on the trial identified certain equipment shown him, and stated the place where the liquor was made, and told how many gallons he got and how many gallons appellant got out of the run. An officer testified that at substantially the place described by this accomplice witness they found a bucket of whisky, and a place where a lot of mash had been poured out, and where a fire had been burning, and from this place he tracked a wagon over to an adjoining place where he found the manufacturing outfit, which was identified by the accomplice, the coil, pipe, barrels, corn

mill, etc. This outfit had just been unloaded from the wagon when the officer got there. Another witness testified that some time before the discovery of the still testified to by the officer above mentioned, he had occasion to go to the shop of John Chandler, on whose place the liquor was alleged to have been manufactured, and was there told by Chandler, who was one of the parties implicated with appellant, that if he, witness, would furnish barrels .that Chandler would make some whisky and divide up. By a witness named Selvidge it was also in testimony that appellant came to his place of business in the town of Kemp some time prior to his arrest, and in conversation with witness appellant asked him how he would like to take some whisky in part payment for work the witness was doing on an automobile of appellant. Witness says he told appellant that nothing was doing, and further said to him, "If you are in that business get out of it, they will get you sure," and that appellant said to him, "You keep your head and I'll keep mine." We are of opinion that under the facts the trial court was fully justified in refusing appellant's requested instruction, and further, that the evidence corroborates the accomplice and supports the verdict of the jury.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*