JOHNNIE HARRIS v. THE STATE.

No. 6948.   Decided January 31, 1923.

**1.—Manufacturing Intoxicating Liquor—Constitutional Law.**
    The attack made upon the indictment on the ground that the law is unconstitutional and that it does not conform to the amendment of the ·Constitution of the United States, is decided against the appellant. Fol-lowing Ex parte Gilmore, 88 Texas Crim. Rep., 529, and other cases.

**·2.—Same—Search and Seizure—Equipment.**
    Where the officers seized the alleged still by means of a search warrant, and said still was directly connected in the operation of the manufacture ·of such liquor the same was properly introduced in evidence.

**.3.—Same—Search Warrant—Return of Liquor.**
    Where defendant objected to the testimony of the officers as to what ·they found at appellant's premises and in various ways raised questions as to the regularity and sufficiency of the search warrant and filed a motion seeking the return of the property thus seized, the same was properly overruled. Fol-lowing Welchek v. State, recently decided.

**.4.—Same—Intoxicating Character of Liquor—Bill of Exception.**
    Where defendant moved to strike out the testimony of the officer that the liquor he found was whisky because the witness had not sufficient infor-·mation to entitle him to give an opinion, but the bill of exception was en-tirely defective, the same cannot be considered on appeal; besides the ob-.jecticn was not supported by the statement of facts.

**.5.—Same—Evidence—Practice in Trial Court.**
    Where it did not appear from the bill of exception that it would have been in any way helpful to the defendant to have required the sheriff to ·publicly make known the name of the party upon whose information he :acted, which resulted in the discovery of the still, etc., there was no error .in the court's ruling.

**6.—Same—Evidence—Inculpating Testimony.**

Where the testimony did not show anything appellant said at the time the officers discovered him operating the still there was no error in not sustaining defendant's motion to exclude all of the testimony in the case because the same was a scheme to make defendant testify against himself.

**7.—Same—Federal Court—State Court—Transfer of Case.**

This court knows of no authority authorizing the transfer of a criminal case from the State court to a Federal court upon any of the grounds presented in the bill of exceptions, and there was no error in overruling the motion to that effect.

**8.—Same—Evidence—Testing Intoxicating Liquor.**

No error was committed by the trial court in refusing to strike out the testimony of a certain state witness who testified that he had tested the liquor in question by a certain instrument, and ascertained therefrom that the liquor found by the officers contained fifty per cent of alcohol; other testimony showing that the liquor was whisky.

**9.—Same—Charge of Court—Requested Charge.**

Where it appeared nowhere in the record on appeal that any written objection had been filed to a certain requested charge by the State at the time of the trial and the bill was not filed until after adjournment, the same cannot be considered on appeal; besides, the requested charge was correct.

**10.—Same—Charge of Court—Written Objections.**

Where it is nowhere stated in the record on appeal that appellant filed any written objections to the charge of the court as required by Article 735, C. C. P., the same cannot be considered on appeal; besides, the court's charge was unobjectionable.

**11.—Same—Requested Charges—Practice on Appeal.**

Where it appeared from the record on appeal that defendant's requested charges are marked refused, but it did not appear from the bills of exception or upon the charges themselves that the latter were presented to the trial judge at the time of the trial and before the main charge was read to the jury, they cannot be considered on appeal; besides, they were correctly refused, if they were considered.

Appeal from the District Court of Harrison. Tried below before the Honorable P. O. Beard.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*H. T. Lyttleton* and *Hobart Key,* for appellant.—On question of search warrant, Veeder v. U. S., 252 Fed., 252 Fed., 414; U. S. Ex Rel. Soeder v. Crossen, 264 Fed., 459; U. S. v. Pilotto, 267 Fed., 603.

On question of insufficiency of indictment, Robison v. State, 60 Texas Crim. Rep., 593.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor with punishment assessed at three years confinement in the penitentiary.

The third count in the indictment, being the only one submitted to the jury, alleged that appellant about July 28, 1921 unlawfully manufactured spirituous, vinous and malt intoxicating liquor capable of producing intoxication not for medicinal, mechanical, scientific or sacramental purposes. The indictment is in conformity with the law in effect at the time of the alleged commission of the offense. Attack is made upon the indictment on the ground that the law under which it is drawn is unconstitutional and that it does not conform to the amendment to the Constitution of the United States and of the Volstead Act passed by Congress placing the same in effect. These questions were all decided adversely to appellant in Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199, and have been so frequently reaffirmed we deem it unnecessary to cite the cases except two of Clyde Chandler v. State, 89 Texas Crim. Rep., 308, 232 S. W. Rep., 336 and 89 Texas Crim. Rep., 599, 232 S. W. Rep., 337, and two of John Chandler v. State, 89 Texas Crim. Rep., 306, 232 S. W. Rep., 317, and 89 Texas Crim. Rep., 308, 232 S. W. Rep., 336. The same contentions urged here by appellant were relied on in the four cases (supra) and this court having failed to uphold them, writs of error to the Supreme Court of the United States were applied for and granted; that court on January 8, 1923, dismissed said cases, declining to consider the questions therein raised.

The officers secured a search warrant and proceeded to the premises of appellant where they found a still being operated by him, together with about thirty gallons of mash. The complete equipment is described in detail in the evidence. It is not necessary to burden the record with a description of it here. It was not only shown that the still could be so connected as to manufacture whisky, but it was actually connected up and in operation at the time the officers found it. The equipment in question was introduced in evidence. The testimony was amply sufficient to authorize conviction.

Appellant filed a motion seeking the return of the property found by the officers; he also objected to the testimony as to what they found at appellant's premises, and in various ways raised questions as to the regularity and sufficiency of the search warrant. These questions are not discussed at length as they all pass out of the case under authority of Welchek v. State, (No. 7136, opinion delivered November 22, motion for rehearing overruled January 17th, 1923.)

The sheriff testified that the liquor he found appellant manufacturing was whisky. It appears by bill of exception number six that appellant moved to strike this testimony from the record "because the said witness did not have a sufficient amount of information to entitle him to give an opinion upon the subject." The bill is entirely insufficient for this court to consider it. It does not undertake to set out in what manner the witness lacked information, and the ground of objection stated in the bill would not amount to a certificate from the trial judge that the witness was without knowledge as to the matter. (See Sec-

tion 209, Branch's Ann. Penal Code, page 134). An examination of the statement of facts reveals that the objection stated in the bill is entirely without support.

It appears from bill of exception number seven that appellant sought to elicit from the sheriff the name of the party upon whose information the officers acted in securing the search warrant. The trial court declined to compel the sheriff to divulge such information and appellant presents this as error. Facts might be made to appear in some instance which would present such denial on the court's part as error, but this has not been done in the bill of exception before us. Appellant did not testify upon the trial and offered no evidence of any character, evidently basing his defense upon the contention that the officers were acting under an unauthorized search warrant and therefore that the facts discovered by them thereunder were not receiveable in evidence. No fact is made to appear in the bill which would indicate that it would have been in any way helpful to appellant to have required the sheriff to publicly make known the name of the party upon whose information he acted which resulted in the discovering of appellant's violation of the law.

Appellant filed a motion asking the court to exclude all the testimony developed in the case because "the same was a scheme to make defendant testify against himself." We have been unable to appraise the force of this contention. No testimony was offered through the State's witnesses as to anything appellant said at the time they discovered him operating the still, and we can not understand by what course of reasoning the evidence of the officers as to what they found, and the introduction of the apparatus in evidence can be made the basis of a claim that appellant was compelled to give evidence against himself. By the same course of reasoning a party charged with the theft of property found in his possession could exclude the testimony as to such finding and the exhibition of the stolen property in court upon the trial.

Appellant made a motion during the trial that this case be transferred to the Jefferson Division of the Federal Court of the Eastern District of Texas for the following reasons stated in the bill.

"(First). Because the affidavit for search warrant was made out for the Federal Court. (Second). Because the Federal Court has concurrent jurisdiction with this court in the trial of such cases. (Third). Because the Federal Prohibition law is more lenient and just than the State law upon the subject. (Fourth). Because the Texas State Prohibition law is null and void. (A). It administers excessive and cruel punishment; (B) It is in conflict with the Federal Constitution and law upon the same subject, which is the supreme law of the land."

We know of no authority authorizing the transfer of a criminal case from a State court to a Federal court upon any of the grounds presented in the bill.

No error was committed by the court in refusing to strike out the testimony of Dr. Dunn who testified that he had tested the liquor in question using an instrument known as an "alcoholometer" "and found therefrom that the liquor found by the officers contained fifty per cent of alcohol." The State having shown by other witnesses that the liquor was whisky was sufficient to support the allegation in the indictment even in the absence of Dr. Dunn's testimony; but if this were not so, we find no ground which would have authorized the court to have withdrawn this testimony from the jury.

The court charged the jury if they believed from the evidence beyond a reasonable doubt that appellant unlawfully manufactured spirituous, vinous and malt intoxicating liquor capable of producing intoxication, to-wit: whisky, that they would convict appellant. At the instance of the State he gave a special charge as follows:

"You are instructed that our statutes provides that it is unlawful for any person to manufacture intoxicating liquors not for medicinal, mechanical, scientific or sacramental purposes, and you are further instructed that the burden of proving that intoxicating liquors were manufactured for such purposes (if any intoxicating liquor was manufactured), rests upon defendant."

Appellant presents what purports to be the reservation of an exception to the giving of this special charge. It nowhere appears in the record that any written objection was filed thereto at the time of the trial, and the bill presented for our consideration was not filed until March 10, 1922, long after adjournment of court. As presented the bill is not entitled to consideration, but even if it were, we find no error in the special charge. It is in conformity with the holding of this court in Robert v. State, 90 Texas Crim. Rep., 133, 234 S. W. Rep., 89; Shaddix v. State, 90 Texas Crim. Rep., 431, 235 S. W. Rep., 602, which rule has been consistently followed since the announcement.

Bill number sixteen purports to be an exception to the court's charge. It is nowhere stated in the bill that appellant filed any *written* objection to the charge as required by Article 735, C. C. P., and no such written objection appears in the record. The bill of exception in question was filed March 10, 1922, long after adjournment of court, and in the absence of a showing in the bill over the signature of the trial judge that the matters now complained of were objected to in writing we would be precluded from a consideration thereof; however, the matters complained of in the court's charge appear to us to be unobjectionable.

We find in the record five special charges requested by appellant, all of which are marked "refused," there also appears five bills of exception to the refusal of the court to give the charges requested, but neither in a notation upon the charges themselves over the judge's signature, nor in the bills presenting the matter for review is it stated

that these charges were presented to the trial court at the time of the trial and before the main charge was read to the jury. We examined the special charges before discovering the defect pointed out, and believe the court properly declined all of them.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*