# FEBRUARY, 1923.

### I. ALF HUGHES v. THE STATE.

No. 7413.    Delivered February 7, 1923.

Rehearing denied February 7, 1923.

Rehearing granted and cause reversed February 11, 1925.

1.—Transporting Intoxicating Liquors—Liquor Laws—Held Constitutional.

The liquor laws of this state, including the law under which this prosecution is brought, have so many times been held constitutional and valid by this court, as well as by the Supreme Court of the United States that we deem it unnecessary to cite authorities. The Supreme Court of the United States on January 8, 1923, dismissed several writs of error, declining to consider this question.

2.—Same—Search Warrant—Unnecessary—When.

Where a witness was permitted to testify that upon searching appellant's automobile, while appellant was under arrest, whisky was found, but such officer had no search warrant, no error is shown. See Welchek, v. State, No. 7136.

ON SECOND REHEARING.

3.—Same—Charge of Court—On Weight of Evidence.

Where the court charged the jury that if they believed "that the whisky found by the officer in the defendant's car" etc. such charge was upon the weight of the evidence, and reversible error. There was a sharp conflict in the evidence as to whether the bottle found in the car of appellant contained whisky. This charge assumes that the appellant had whisky in his car. For this error the cause is reversed.

Appeal from the District Court of Morris County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Henderson & Bolin,* and *Lloyd W. Davidson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for unlawful transportation of intoxicating liquor with punishment assessed at one year's confinement in the penitentiary.

Motion to quash the indictment was presented upon the ground that the law under which the prosecution proceeded was unconstitutional and unenforceable as being in conflict with the Constitution of the United States and the Act of Congress thereunder. Since the decision in Ex Parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199, this question has been so frequently decided adversely to the contention that we deem it unnecessary to cite the cases, save the two cases of Clyde Chandler v. State, 89 Texas Crim. Rep., 308, 232 S. W. Rep., 336, and 89 Texas Crim. Rep., 599, 232 S. W. Rep., 337, and the two cases of John Chandler v. State, 89 Texas Crim. Rep., 306, 232 S. W. Rep., 317 and 89 Texas Crim. Rep., 308, 232 S. W. Rep., 336. The same contentions here urged were relied on in the four cases last cited. Not being satisfied with the holding of this court, writs of error to the United States Supreme Court were applied for and granted. That Court, on January 8, 1923, dismissed said cases, declining to consider the questions raised.

The first bill of exception complains that a state witness was permitted to testify that upon searching appellant's automobile while appellant was under arrest, whiskey was found, but that such officer had no search warrant. Under authority of Welchek v. State, (No. 7136) the objection was not tenable.

All other questions presented by bills of exception relate to the charge of the court and to the refusal to give certain special charges. No statement of facts is in the record, and obviously, in its absence we can not intelligently pass upon questions raised relative to the charge given, nor to those refused.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The statement of facts now being before us, same will be considered with the record in disposing of the case.

According to the State's testimony, appellant had in his possession a pint bottle containing corn whiskey. He went to the toilet and placed the bottle in the bosom of his shirt. Upon coming out, he got into his automobile and rode some little distance about the town with the whiskey in his shirt bosom.

Evidence showing the liquid to be whiskey was given by the testimony of the officer that the liquid, after the bottle was broken, smelt like whiskey. Other witnesses testified to the contrary. We think the evidence is sufficient to show that the appellant was in possession of a bottle containing a pint or less of whiskey. There was no evidence, however, that his possession was unlawful or that he possessed it with any unlawful intent. Under the statute, he was

permitted to possess that quantity of intoxicating liquor, and under a recent amendment to the statute, no inference of unlawful intent is drawn from the possession. It is believed by the writer that the facts do not bring the case within the purview of the statute forbidding one to transport intoxicating liquor. However, my associates are of the contrary opinion. This matter was discussed in the original, concurring and dissenting opinions in the case of Gandy v. State, No. 7579, to which reference is made.

The motion for rehearing is overruled.

*Overruled.*

### ON SECOND MOTION FOR REHEARING.

MORROW, Presiding Judge.—The motion presented is denominated an application to file a second motion for rehearing. Technically it is such, but substantially, it is not. The case on the original hearing was not decided on its merits, because the clerk of the trial court had failed, without fault on the part of the appellant, to send up to this court the statement of facts. When the statement of facts was filed, the case was passed on. The particular question discussed in this opinion was not pertinently brought to the attention of the court.

Attention is drawn to paragraph 3 of the charge of the court, from which we copy

"You are instructed that by the word, 'transport,' as used in this charge, is meant to carry from one place to another. Now, if you believe beyond a reasonable doubt that the whiskey found by the officer in the defendant's car was brought to that place from some other place by the defendant, then such, in law, would be transporting intoxicating liquor."

This paragraph was assailed in the trial court as being upon the weight of the evidence in that it assumes that the appellant had whiskey in his car. It appears from the State's testimony that there was a bottle in the car of the appellant under circumstances indicating that it had been carried; that while an officer was searching the car without a warrant, the appellant broke the bottle. The officer stated that the bottle had corn whiskey in it. According to his testimony, the bottle was a patent medicine bottle. The contents was not tasted by the officer, but he smelled it and it had the odor of whiskey, that is, there was a remnant of about a spoonful in a part of the bottle after it was broken. The officer put his finger in this remnant and smelled it. He said, "That is the only way I have of judging it to be whiskey." Before the bottle was broken, it was a sixteen-ounce bottle about two-thirds full. The other witnesses testified in substance to the same effect as did the officer, both of them relying upon the odor in determining that the substance in the bot-

tle was whisky. A witness for the appellant who saw the episode, went at once to the place where the bottle was broken, but did not smell anything. He was a couple of feet, he said, from the piece that was picked up by the officer, but he did not try to smell it. He did not detect any odor.

The opinion of the witnesses based upon the odor of the liquid was, we think, competent evidence. In other words, the statement of the officer that he was acquainted with the odor of whisky, that the liquid in question had such an odor, that in his judgment, it was whisky, was proper testimony to go before the jury. It was not conclusive, however, that the liquid was whisky; nor that it was intoxicating liquor. It is conceived that the article might have the odor of whisky and yet contain an amount of alcohol so small that it would not be classified as intoxicating liquor. Witnesses for the appellant raised an issue as to whether the substance had the odor of whisky. See Cathey v. State, 94 Texas Crim. Rep., 599; Estel v. State, 91 Texas Crim. Rep. 481.

Under the facts of the present case, we are constrained to believe that the evidence was such as made it incumbent upon the court to so frame his charge that the jury would be called upon to determine whether the liquid possessed by the appellant was whisky, and that inasmuch as the charge given assumes that the liquid was whisky, it was amenable to the objection made, namely, that it was upon the weight of the evidence and should have been amended. See Webb v. State, 8 Texas Crim. App., 115; Jones v. State, 70 Texas Crim. Rep., 343; Vernon's Texas Crim. Stat., Vol. 2, p. 466, note 89.

The motion for rehearing is granted, the affirmance heretofore rendered is set aside, the judgment is reversed and the cause remanded.

*Reversed and remanded.*