### KIN GRIFFIN v. THE STATE.

No. 7697, Decided May 2, 1923.

Rehearing denied October 31, 1923.

**1.—Selling Intoxicating Liquor—Newly Discovered Evidence—Practice on Appeal.**

Where the statement of the facts heard in support of the motion for a new trial. alleging newly discovered evidence, was not filed until after the adjournment of the trial term, the same cannot be considered on appeal. Following Black v. State, 41 Texas Crim. Rep., 185.

**2.—Same—Conflict of Law—Precedent.**

Where appellant attacks the Dean law as being in conflict with the Federal Acts, *held* that the contention is settled by former decisions of this court and the Supreme Court of the United States. Following Chandler v. State. 89 Texas Crim. Rep.. 306, 232 S. W. Rep., 317 and 336.

**3.—Same—Postponement—Attorney and Client.**

Where defendant was out under bond awaiting the action of the grand jury and that when the indictment was returned he was not tried for some time, a motion to postpone the case to employ counsel was correctly overruled.

**4.—Same—Evidence—Bill of Exceptions**

Where the bill of exceptions simply showed the question propounded to the witness, but does not state what the answer of the witness would have been, nothing enables this court to know what negro was referred to in the question, and there is nothing to review.

**5.—Same—Character of Witness—Questions Propounded.**

Questions propounded to witnesses as to whether they would believe that negro on the stand are manifestly improper, and cannot be included under the rule that after affirming their knowledge of the bad character of the witness they would not believe him on oath.

**6.—Same—General—Reputation—Practice in Trial Court.**

Where it appeared that after making the statement that the witness knew the reputation of the principal State's witness for truth and veracity

he disclosed upon further examination that his testimony would not give him the right to testify to such reputation, it was properly withdrawn, and the evidence being sufficient to sustain the conviction, there was no reversible error.

7.—Same—Rehearing—Sufficiency of the Evidence—Conflict of Evidence.

Where, upon trial of selling intoxicating liquor, the evidence is conflicting the settlement by the jury of this conflict is binding upon this court.

8.—Same—Newly Discovered Evidence.

Where the motion for new trial alleging newly discovered evidence is not sworn to, and also fails to allege that any new evidence has been discovered since the trial or to excuse its nondiscovery, and the evidence is at best of an impeaching nature, the same was properly overruled.

9.—Same—Motion for New Trial—Affidavit—Other Evidence.

Where it affirmatively appeared that there was other evidence besides the affidavit attached to the motion heard by the court, refusing the new trial, such affidavit cannot be treated as the only evidence heard.

10.—Same—Representation by Counsel—Continuance.

The failure to procure counsel being apparently due to the lack of diligence on the part of the appellant, he cannot avail himself of it after verdict, and the motion to postpone showing no diligence to procure the alleged absent testimony, there is no reversible error.

Appeal from the District Court of Johnson. Tried below before the Honorable Irwin T. Ward.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*B. Jay Jackson* and *W. E. Myres* for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Johnson County of the unlawful sale of intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant sought a new trial alleging some newly discovered testimony and upon the hearing of the motion offered testimony in support of same. The statement of the facts heard in support of the motion for new trial was not filed until after the adjournment of the trial term. Since the rendition of the case of Black v. State, 41 Texas Crim. Rep., 185, this court has uniformly declined to consider statements of facts offered in support of applications for new trial, unless such statements be filed within the trial term.

Appellant attacks the Dean Law as being in conflict with the Federal acts. We have fully discussed and settled this in Ex parte Gilmore, 88 Texas Crim. Rep., 529; Chandler v. State, 89 Texas Crim.

Rep., 308, 232 S. W. Rep., 336; Chandler v. State, 89 Texas Crim. Rep., 306, 232 S. W. Rep., 317. The latter cases were carried before the Supreme Court of the United States and the doctrines therein announced were upheld by the decision of said court.

By a bill of exceptions complaint is made of the refusal of the trial court to postpone the case, the principal ground of complaint being that appellant had had no opportunity to employ counsel. It appears from the record that appellant was placed under bond to await the action of the grand jury and that when the indictment was returned against him the case was not tried for some time. There was no error in the refusal of the learned trial judge to grant the request to postpone.

By his bill of exceptions No. 2 appellant complains that he asked a witness this question: ''How long has this negro been in jail at any one time since you have been deputy sheriff here?'' The bill of exceptions does not state what the answer of the witness would have been had he been permitted to answer, and nothing in said bill enables us to know what negro was referred to in the question, and we are unable to appraise the object or purpose of the question or determine the injury of the refusal.

Questions propounded to witnesses as to whether they would believe that negro on the stand,—are manifestly improper. The farthest courts have gone is to hold that a witness may be permitted, after affirming his knowledge of the bad character of the witness in the community in which he lived, to then say that from his knowledge of this bad character he does not believe the witness worthy of belief under oath.

There was no error in the rejection of the testimony of witness Bratcher concerning the reputation of the principal State witness for truth and veracity. After making the statement that he knew it and that it was bad, said witness disclosed upon further examination that his testimony was based upon matters which would not in law give him the right to testify to such reputation. This being disclosed to the court below, the learned trial judge correctly sustained the State's motion to exclude the testimony from the jury. Bills of exception Nos. 6, 7 and 8 present no error.

Being unable to agree with any of the contentions of appellant, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

October 31, 1923.

MORROW, Presiding Judge.—It is charged that appellant sold intoxicating liquors to Phil Phillips, who, in his testimony, affirmed

that he bought it, though appellant denied the sale. The settlement by the jury of the conflict between them is binding upon this court.

The motion for new trial does not comply with the rules necessary to require consideration of an averment charging that new and material evidence has been discovered. Art. 837, sub-division 6, Vernon's Tex. Crim. Stat., Vol. 2, pp. 777 and 778. The motion is not sworn to. It also fails to allege that any new evidence has been discovered since the trial, or to excuse its nondiscovery. The only affidavit attached is that of the witness Bennett to the effect that he would give testimony against the good reputation for truth and veracity of the witness Phillips. This was impeaching in its nature and cumulative. Such testimony ordinarily would not support the averment in question. Vernon's Texas Crim. Stat., Vol. 2, p. 784 and 785, notes 8 and 9, and cases cited.

It affirmatively appears from the record that there was evidence other than the affidavit attached to the motion heard by the court before refusing the new trial. Under such circumstances, the affidavit attached to the motion cannot be treated as the only evidence heard. See Cade v. State, No. 7740, recently decided, and cases therein cited. If so considered, the affidavit is not sufficient for the reason stated above.

The failure to procure counsel being apparently due to the lack of diligence on the part of the appellant, he cannot avail himself of it after verdict. Vernon's Texas Crim. Stat., Vol. 2, p. 305, note 9.

The motion to postpone shows no diligence to procure the alleged absent testimony.

The motion is overruled.

*Overruled.*