Jess McClure v. The State.

No. 8939. Delivered May 13, 1925.

Rehearing denied June 17, 1925.

1.—Possessing Intoxicating Liquor—Search Warrant—Bills of Exception.

Where the state was permitted, on a trial for possession of intoxicating liquor, to prove by officers that they found in defendant's barn a concealed door in the bottom of the horse trough which led into a cellar, in which was found a complete still and several gallons of whisky, the objection that it was not shown that such officers had a search warrant is not clearly presented in the bill because it is nowhere certified that there was no search warrant, as a fact. Even if the bill were not defective the complaint would present no error. Following Welchek v. State, 93 Tex. Crim. Rep. and other cases cited.

2.—Same—Separation of Jury—No Injury—Burden on State.

The purpose of the statute forbidding the separation of a jury in a felony trial (Art. 744 C. C. P.) is to preserve the purity of the verdict, and where it is shown that a temporary separation of one of the juror's from his fellows did not and could not have affected the verdict or impartiality of the trial, a reversal is not required nor authorized. The burden was on the State to show that the separation could not have been harmful. Following Watson v. State, 82 Tex. Crim. Rep. 305, 199 S. W. 1113.

3.—Same—Misconduct of Jury—Practice.

Where misconduct of the jury is complained of in that they heard testimony against the appellant in their retirement, and on hearing of the motion for a new trial testimony is heard, and the trial court holds against appellant, his discretion will not be disturbed in the absence of a clear showing of an abuse of such discretion. Following Sanchez v. State, 90 Tex. Crim. Rep. 518, 236 S. W. 734 and other cases.

ON REHEARING.

4.—Same—Plea of Jeopardy—Not Properly Presented—No Error.

Where a special plea is filed in the trial court, seeking to raise the issue of a former conviction for the same offense, and no bill of exception brings the matter before us in such way that the complaint may be intelligently reviewed, no error is presented.

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale; penalty, two years in the penitentiary.

The opinion states the case.

*J. P. Cox,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for possessing intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The evidence justified the verdict and judgment. The legal questions raised may be disposed of without burdening this opinion with a lengthy recital of the facts.

When the State proposed to prove by the officers that they found in defendant's barn a concealed door in the bottom of the "horse trough" which led into a cellar in which was found a complete still and several gallons of whiskey, the objection was made that it had not been shown that the officers had a search warrant authorizing the investigation. It is nowhere certified in the bill that in fact they had no search warrant. The statement of an objection is not a certificate that the facts are true which form the basis of the objection. (See Sec. 209, Branch's Annotated P. C.). Even if the bill was not defective in the particular mentioned, the matter complained of would present no error. Welchek v. State, 93 Texas Crim. Rep. 271, 247 S. W. 524; Harris v. State, 93 Texas Crim. Rep. 349, 248 S. W. 54; Bell v. State, ——Texas Crim. Rep.——. 250 S. W. 177; Burks v. State. ——Texas Crim. Rep.——. 260 S. W. 181.

Defendant claimed as reasons why he should be granted a new trial: (1) That the jury had discussed and considered the defendant's failure to testify in violation of Art. 790 C. C. P.; (2) That there has been a separation of the jury prohibited in felony cases by Art. 744 C. C. P.; (3) That the jury after retirement had received other evidence in contravention of Sub. 7, Art. 837 C. C. P. The evidence produced upon hearing the motion for new trial negatived completely that there was any mention or reference whatever to the fact that defendant did not testify. Upon the issue of separation the evidence showed that one of the jurors (Schotts) had never served on a jury in a felony case but had frequently been on juries in civil cases, and was unaware of a different rule obtaining relative to separation of juries in the two classes of cases. As the jury passed from the court room on the way to the jury room Schotts left them, went throught the hall, downstairs and across the street to a drug store for the purpose of getting a cold drink. In the hall he asked J. D. Buster, an attorney, how long they would have and

was told about five minutes. Buster saw the juror speak to no one else in the hall, and saw him go down the stairway. Thinking that he was one of the jurors and noticing that he was alone, Buster stepped into the sheriff's office and notified that official. The sheriff looked immediately out of his office, saw Schotts hurrying across the street to the drug store, saw him stop at the cold drink stand, get a drink and come directly back to the court house where he was met by the deputy in charge of the jury who had discovered his absence. The juror was not away from the other jurors longer than three minutes. He spoke to no one save Buster. These facts were established by the witnesses other than the juror himself. In Watson v. State, 82 Texas Crim. Rep. 305, 199 S. W. 1113, this court, in commenting on a similar incident, said: "The purpose of the statute (Art. 744 C. C. P.) is to preserve the purity of the verdict, and where it is shown that a temporary separation of one of the jurors from his fellows did not and could not have affected the verdict or impartiality of the trial, a reversal is not required nor authorized." Many authorities are collated in Watson's case sustaining it. The burden was on the State to show that the separation could not have been harmful. This burden was discharged in the present instance.

Upon the matter of the jury receiving other evidence after their retirement, defendant alleged that before the verdict was agreed upon the juror Echols stated to the other jurors that "defendant was an old timer in the business and a chronic or hardened violator of the law; that he had been indicted many times for violations of the prohibition law, and had been tried but had never been convicted." Upon the issue raised by this everment the evidence was conflicting. The foreman of the jury testified that he heard Echols say the law ought to be enforced and that violators of the law ought to have such penalties as would deter them from violating the law in time to come. Echols admits making this general statement. We observe no impropriety in it. He denies making at any time the statement attributed to him by defendant. The foreman testified that he heard Echols say substantially what the defendant complains about, and was of the opinion it occurred before an agreement on the penalty was reached, but frankly states he may be mistaken as to when he heard it, and that it may have been after the verdict was agreed upon. The juror who seems to have had the argument with Echols as to what punishment should be assessed swears positively that Echols said nothing about defendant's previous record. Another juror says the first he heard of anything of the kind was after they had returned the verdict, had been discharged, and while they were being paid off. Other jurors disclaimed hearing such statement made by Echols or any one else in the jury room. This is a sufficient statement to show that the evidence was in conflict and presented a disputed issue which was determined in favor of the

State. There is no showing of an abuse of judicial discretion in respect to the matter, in the absence of which the finding of the presiding judge will not be disturbed. Sanchez v. State, 90 Texas Crim. Rep. 518, 236 S. W. 734; Manley v. State, 92 Texas Crim. Rep. 537, 244 S. W. 533, and cases therein cited.

In passing sentence upon defendant the court overlooked the indeterminate sentence law. The sentence will be corrected to read that defendant be confined in the penitentiary not less than one year nor more than two years.

As so reformed the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Only two bills of exception are found in the record; one complains of search without warrant, the other of misconduct of the jury. Both were considered in the original opinion. and appellant does not question that proper disposition was made of them.

Complaint is made, however, that we failed to discuss a special plea interposed by appellant in which he sought to raise the question of former conviction and a request for postponement. The number of this case in the court below was #16,827. The special plea avers that appellant had been tried in #16,828 and that the jury had returned a verdict of guilty in said cause; that the judgment was pending against him subject to his right of appeal; that the offense of which he had been convicted in #16,828 was the same offense and transaction for which he was about to be tried in the present case. He avers that a copy of the indictment in #16,828 is attached to the plea, but none appears in the record before us. After reciting the foregoing facts, he pleads said former conviction in bar of a prosecution in the present case and asks the court to postpone the trial until final disposition is made of cause #16,828. The record fails to show, either by bill of exception or by entry of order relating thereto upon the court minutes, any action upon said special plea. The indictment in cause #16,828 was before the court below and he could therefore take judicial knowledge of its contents. It is not before this court in a manner to be considered, hence we must assume that the action or failure to act upon the special plea was correct.

It appears from the averments in the motion for new trial that the offense chargd in cause #16,828 was for manufacturing intoxicating liquor, but we cannot look to the motion for new trial in aid of the special plea.

We further note that in approving one of the bills of exception heretofore referred to, the court says:

" * * * the case against this defendant referred to by witnesses as having been tried and same evidence used as on this trial is now pending in this court; granted the defendant a new trial."

There being no bill complaining of the action or failure to act upon the special plea, the matter is not properly before us for review.

The motion for rehearing is overruled.

*Overruled.*