### R. A. WELCH V. THE STATE.

No. 10438.   Delivered November 24, 1926.

Rehearing denied June 8, 1927.

**1.—Carrying a Pistol—"Traveler"—Question for Jury.**

Where, on a trial for unlawfully carrying a pistol, appellant defended on the ground that when found with the pistol in his possession he was a traveler, and this defensive issue is properly submitted to the jury, their decision of the matter is binding upon him.

**2.—Same—Requested Charge—Practice in Trial Court.**

Where appellant failed to except to the court's main charge submitting his defense of being a traveler when found in possession of a pistol, the refusal of his special charge on the same issue, though it presented the question more in detail, would not be a reversible error. See Tyler v. State, 67 Tex. Crim. Rep. 601, and other cases cited.

**3.—Same—Requested Charge—When Presented—Rule Stated.**

To be considered on appeal, complaint of the refusal of special charges must show that they were presented to the trial judge in writing before the main charge was read to the jury, and that their refusal was excepted to at the time.

**4.—Same—Evidence—Harmless Error.**

While it was error to permit the state to prove that whiskey was found in appellant's car at the time of his arrest for carrying a pistol, there being no issue as to his actual possession of the pistol, and the jury having assessed the minimum penalty for carrying a pistol, no reversible error is presented.

**5.—Same—Evidence—Filing of Search Warrant—Not Necessary.**

Where the officer who arrested appellant for carrying a pistol testified that he had a search warrant to search the car of appellant for whiskey, there was no error in refusing to require the state to file the search warrant to permit appellant to inspect same, no facts being shown that the filing of the search warrant would be helpful to the accused.

**6.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where appellant objected to testimony of the search of his car, which resulted in the finding of the pistol, and his bill of exception complaining of the matter merely shows that his objection was that the search was illegal his bill is incomplete, and presents no error.

ON REHEARING.

**7.—Same—Arrest Without Warrant—Authorized by Statute.**

Art. 487 of our P. C. authorizes and directs peace officers to arrest, without warrant; all persons found carrying arms unlawfully, and no search warrant is required to make the search for the discovery of such arms. See Jacobs v. State, 28 Tex. Crim. App. 79, and cases collated in Vernon's Tex. Crim. Stats. 1925, Vol. 1, p. 283.

Appeal from the County Court of Concho County. Tried below before the Hon. D. C. Broyles, Judge.

Appeal from a conviction for unlawfully carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in County Court of Concho County of unlawfully carrying a pistol, punishment a fine of $100.00.

Appellant was found with a pistol behind the seat in his car. He admits that the car and the pistol were his, but claims that he was on his way from his home to Houston, and that he was a traveler. The court submitted the legal proposition that if appellant was a traveler or if they had a reasonable doubt thereof, he should be acquitted. The jury settled the question of fact against him.

Appellant presented a number of special charges to the trial court and here complains because of the refusal of said court to give them to the jury. There was no exception taken to 'the charge of the court which submitted the proposition of an acquittal in case appellant was a traveler, in general terms. There being no such exception, the refusal of a special charge, even if it submitted the issue of being a traveler more in detail, would not be reversible error. Tyler v. State, 67 Tex. Crim. Rep. 601; Boattenhamer v. State, 84 Tex. Crim. Rep. 210; Parrocini v. State, 90 Tex. Crim. Rep. 320; Rylee v. State, 90 Tex. Crim. Rep. 482. Attention is also called to the fact that in appellant's bills of exception complaining of the refusal of his special charges there appears no showing that such special charges were submitted to the court before the main charge was read to the jury and before the argument of the case. Such showing is necessary.

There appears complaint of testimony showing that there was a quantity of whiskey in appellant's car at the time of his arrest, and also of certain statements made by one witness to another, which would appear hearsay. In view of the fact that there was no dispute in the testimony of the fact that appellant had the pistol, and it appearing that the jury gave him the lowest punishment for said offense, and that he defended only on the proposition that he was a traveler, we are led to the conclusion that the errors thus complained of seem in no way to have injured appellant.

The officer who arrested appellant said that he had a search warrant to search the car of appellant for liquor. Appellant moved that the state be required to file the search warrant so that he might thereafter inspect same. We perceive no error in the action of the court declining to compel the officer to file the search warrant. The bill of exceptions sets out no facts showing that the filing of such warrant would be of help to the accused.

Appellant objected to testimony of the search of the car which resulted in finding the pistol in question, merely making the objection that the search was illegal. Nothing appears in the bill of exceptions supporting said proposition. The burden is upon him who asserts error, to make showing thereof in his bill of exceptions.

We have carefully examined each bill of exceptions in the record and find no error in any of them. An affirmance will therefore be ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Miller, the Sheriff of Concho County, was called upon by the city marshal of Eden to assist in apprehending some men. Miller had been told by the city marshal that the men he was after were a "tough crew," and if interfered with by the officers they would find themselves at the "smoky end of a forty-one." The officers then went to the place where the automobile of the appellant and his companion was stopped. They separated as they approached the car, and the appellant was standing by the car near the door with his foot on the running-board and talking to one of the men who was drilling a well. Another man was in the car, sitting under the steering wheel. The officers had a warrant to search the car for whiskey. Paris (the city marshal) had the man in the car to get out and when he did so, Paris reached in the car and got a .41-caliber Colt pistol. The appellant and his companion were then arrested by the officers. Paris testified that he suspected the parties of bootlegging and called Miller over the telephone to come and help him arrest the men. Paris, Miller and Gates went to the car, and when Paris made the man get out of the car, he saw the pistol. It was partly behind the seat and half of the pistol could be seen. The witness had seen the appellant earlier on the same night, when he pulled something out of his shirt front and put it in the seat cushion back of him, which the witness took to be a pistol.

The appellant testified that he lived at Eden, and was traveling in an automobile to Houston; that he was near San Angelo when arrested. The issue of traveler was submitted to the jury and decided against the appellant. As stated in the original opinion, the complaints of the charge are not available because of non-compliance with the statutes on procedure. In his motion for rehearing, appellant contends that the information that he had a pistol was illegally obtained and that in consequence

thereof the evidence was not admissible. Upon the subject of pistol carrying we have a special statute authorizing an arrest, which reads thus:

"Any person violating any article of this chapter may be arrested without warrant by any peace officer and carried before the nearest justice of the peace. Any peace officer who shall fail or refuse to arrest such person on his own knowledge, or upon information from some reliable person, shall be fined not exceeding five hundred dollars."

The decisions under this article are numerous to the effect that a person unlawfully carrying arms may be arrested by an officer without warrant upon his own knowledge or upon information of some credible person. See Jacobs v. State, 28 Tex. Crim. App. 79, and cases collated in Vernon's Tex. Crim. Stat., 1925, Vol. 1, p. 283.

In our opinion, the provision of the statute mentioned and quoted above was adequate authority for the arrest of the appellant by the officers for unlawfully carrying a pistol. The arrest being authorized by the special statute to which reference is made the testimony of the officers was not inhibited by Art. 727a, C. C. P., 1925, forbidding the use of evidence obtained through an illegal search.

The motion for rehearing is overruled.

*Overruled.*