### W. Z. STANER v. THE STATE.

No. 19842.  Delivered October 26, 1938.
Rehearing denied November 30, 1938.

The opinion states the case.

*Dick Young* and *C. F. Stevens,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is knowingly receiving and concealing stolen property; the punishment assessed is confinement in the county jail for a period of six months.

It appears from the record that on the night of December 8, 1937, some unknown person took the front wheels, including the tires, from an automobile belonging to Chester Fletcher. The car was parked near the Delman Theatre in the city of Houston. As soon as Mr. Fletcher discovered that the front wheels and tires of his automobile had been stolen, he reported the matter to the police. Two days after the commission of the theft, McCoy, a city policeman, found some tires at appellant's place of business which corresponded to the description of the stolen tires as given to him by Fletcher. McCoy instructed appellant to hold the tires until he could get in touch with Fletcher. When he returned accompanied by Fletcher, who had a memorandum of the serial number of his tires, he identified them as his property and demanded the inner tubes and wheels. At first appellant strenuously denied having them but finally produced them. Appellant had secreted the wheels under the body of an old automobile which was sitting flat on the ground. It was shown that he had dug a hole in the ground under the

floorboard of said car in which he concealed the wheels. Appellant did not testify or offer any affirmative defense.

On cross-examination of the witnesses, McCoy and Fletcher, appellant elicited the fact that he showed them a bill of sale for some tires purporting to have been given by one Vick Canfon, whose address was given as 306½ McKinney Street. An investigation by Fletcher disclosed that no such person lived at said place, nor was such a person known in the vicinity.

By two bills of exceptions, he complains of certain testimony given by Mr. Fletcher with reference to the value of the stolen property. There seems to be no contention that the property was worth more than $5.00 and less than $50.00. However, these bills are qualified by the trial court and as qualified fail to reveal reversible error.

He also complains of the court's action in declining to give to the jury certain special requested instructions. From the record, we are unable to determine whether the court committed any error in this respect, for the court verbally instructed the jury. This verbal instruction is not brought forward in the record and it may be that the court fully and distinctly charged the jury upon the law with reference to the matters presented in the requested charges. It seems that no request was made for a written charge and no complaint is made of the court's failure to do so.

Moreover, we have examined the requested special instructions numbers one, three and seven on the subject of an exculpatory statement and concluded that these requested instructions were properly refused. Even though it be conceded that appellant did not know at the time he purchased the allegedly stolen property from Vick Canfon that it was stolen, yet if after he purchased it he learned of it being stolen and then concealed it, he would be guilty as charged.

There is no exculpatory statement with reference to the concealment of stolen property after he acquired it. Consequently, there was no error in the court's refusal to give the special requested instruction.

All other matters complained of have been examined by us and are deemed to be without merit. No error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant contends that he was entitled to have the jury instructed in the language of his Requested Charge No. 5 as follows: "You are instructed that you will not discuss or refer to in this case, the fact that the defendant has not testified as the law will not permit such discussion or reference thereto."

There is nothing in the record to show that the requested instruction was submitted to the court before he gave his main charge to the jury.

We quote from 4 Tex. Jur., p. 78, Section 49, as follows: "In order that the action of the trial court thereon may be reviewed on appeal it should affirmatively appear that special charges were submitted before the main charge was read to the jury and before the beginning of the argument."

In support of the text many authorities are cited, among them being Welch v. State, 294 S. W. 1110; Watson v. State, 292 S. W. 900; Harris v. State, 248 S. W. 54.

Giving effect to the announcement of the decisions, we are constrained to hold that error is not presented.

The motion for rehearing is overruled.