## MARY WILBORN v. STATE

No. 25513. November 28, 1951.

Hon. W. S. Barron, Presiding Judge.

*Oak McKenzie,* and *Jno M. Barron,* Bryan, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The appellant, who had a beer retailer's license, was charged with having sold beer to one Ray Mizell, a person then and there under the age of 21 years. No prior convictions were alleged for the purpose of enhancing the punishment. In the trial before the court upon a plea of guilty, she was convicted, and the punishment of 90 days in jail assessed.

In Bill of Exception No. 1, we find the recitation that the court, in assessing the penalty, took into consideration that the defendant had been arrested and convicted for violation of the liquor laws on two previous occasions, and that prior to the trial of this case the court directed the court reporter to look up the defendant's previous record, and the prior record of the defendant materially affected the penalty given by the court. We note that this bill of exception concludes with the following, "timely presented and approved," followed by the signature of the judge trying the same.

In Alley v. State, 154 Tex. Cr. R. 145, 225 S. W. (2d) 970, under a similar situation, we said: "It scarcely seems necessary to go further than set out the court's own reasons for fixing the punishment in this case to demonstrate an error calling for a reversal of the judgment. It is quite similar to cases where a trial judge attempts to qualify bills of exception by stating as facts things known to him but not made part of the record. See Dyer v. State, 47 Tex. Cr. R. 253; 83 S. W. 192; 4 Tex. Jur. 276, Sec. 193."

For the error set forth above, the judgment of the trial court is reversed and the cause remanded.