GEORGE BUTLER v. THE STATE.

*No. 391.    Decided April 25.*

1. **Murder—Conspiracy—Provoking Difficulty—Defense of Another—Self-Defense—Charge of Court.**—On a trial for murder, where the State's theories and issues were, first, a conspiracy and agreement between defendant and his brother to kill deceased, which they consummated; second, but, if no such conspiracy existed, that then defendant provoked the difficulty, attacked deceased with his fist, who drew a pistol, whereupon defendant's brother, who was some short distance off, armed himself and rushed to the rescue, and defendant, seeing that his brother was about to shoot deceased wrongfully, and not in defense of himself or brother, aided and encouraged him by words, acts, and gestures, who thereupon killed deceased by shooting him in the back; and the theories and issues of the defendant were, first, that there was no conspiracy between the brothers to kill deceased, but that their intention was simply to have him retract a slander imputed to him, if he had uttered it; second, that the brother of defendant, seeing a struggle between defendant, who was unarmed, and deceased, who had drawn and fired a pistol, armed himself and was rushing to the rescue when defendant turned, fired upon, and twice wounded him, whereupon he fired upon and killed deceased in self-defense; third, that defendant, seeing deceased fire twice upon his brother, to save his brother's life grappled deceased, and in doing so deceased's body was turned and he thereby received the shot in the back which killed him. *Held*, that a charge is radically defective which fails to submit each of these issues with appropriate instructions to the jury.

2. **Same—Special Instructions—Manslaughter.**—On the defensive theories above stated, *Held*, that the court should have given a special requested instruction to the effect that if the brother of defendant, seeing him in apparent danger of his life from deceased, and for defendant's protection, armed himself and was approaching the combatants when deceased turned upon and fired upon him, thereby endangering his life, making it necessary for him to kill deceased in self-defense, defendant would be guilty of no offense; nor would the fact that defendant began the difficulty make him guilty of manslaughter if, in the exchange of shots between deceased and his brother, he grappled with deceased solely for the purpose of preventing him from killing his brother.

3. **Evidence—Explanatory Statements by Defendant.**—Where, on a trial for murder, it was proved that defendant, unarmed, sought deceased on the morning of

the homicide, *Held*, that as explanatory and illustrative of his acts and conduct it was admissible to prove his and his brother's statements and declarations as to their proposed method of dealing with deceased if he did not straighten up a slander of their sister which had been imputed to him.

4. **Statement of Facts—Stenographer's Notes—Rule of Court—Practice.—** The rules of the appellate court prohibit, and the trial court should refuse to approve, a statement of facts which consists principally of the stenographer's notes (questions and answers) which have been copied into the record. Hereafter such a statement of facts will not be considered on appeal for any purpose.

APPEAL from the District Court of Shelby. Tried below before Hon. JAMES T. POLLEY.

Appellant and his brother Jodie Butler were each separately indicted for the murder of one Oscar Johnson.

Jodie Butler made an affidavit under our statute, and was granted a severance in order that this appellant might first be tried, and it was so agreed between the defendants. At his trial appellant was convicted of manslaughter, with his punishment assessed at two years' imprisonment in the penitentiary.

The record is most voluminous, but so clear, concise, and satisfactory a statement of the case is contained in the opinion that a further statement is deemed unnecessary.

*Hugh B. Short* and *James I. Perkins*, for appellant, filed an able and interesting brief.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of manslaughter and his punishment fixed at two years, from which he appeals. The deceased, a young man of 20 years of age, lived near the village of Teneha, in Shelby County, in which village the Butler family, consisting of a mother, three sons, and a young daughter 17 years old, resided. Appellant, also a son of Mrs. Butler, lived about two miles from town. He and Jodie were the two oldest brothers. A month previous to the homicide the deceased, who was connected with the family, and had been a visitor for several years of the family, was charged by one of his associates, Claude Clayton, with having boasted of being criminally intimate with the young lady. The story gained circulation and came to the ears of the Butler brothers, who at once proceeded to investigate the matter. Deceased, hearing of the report, denounced it as a lie. The two elder brothers, Jodie and appellant, insisted that the matter should be straightened up at once. The deceased was at school, and sick, when the story was first circulated, and the matter was discussed with his brother-in-law, Gibson, to whom the Butlers made known their wishes. When deceased returned he

was still unwell and made no attempt to correct the scandal, though the young man Clayton resided in the village and was clerking in the postoffice; but on the contrary armed himself with a pistol, as if expecting a difficulty. The Butlers said nothing to him, but strenuously insisted with his brother-in-law that the matter should be straightened up. On the day of the homicide appellant was in Teneha with his wife, and learned that deceased was about leaving the county to go to Ellis County, and shortly after learning it he met deceased on the public square. They had a short interview and then started across the square to the postoffice, where Clayton was seen standing. After going a short distance together an altercation suddenly arose, when appellant struck deceased. Appellant was unarmed and in his shirt sleeves. Deceased thereupon drew a pistol, and in the scuffle that ensued the deceased accidentally or by striking appellant with it fired his pistol. At once Jodie Butler ran from his drug store, about thirty yards off, and fired two shots at deceased, killing him, and being in turn fired upon twice and wounded by deceased.

1. The theory of the State was that the Butlers conspired together to kill Johnson, the deceased; that they were all present on that day for that purpose, and appellant designedly brought on the difficulty by meeting and attacking the deceased, and making the opportunity to kill him. The theory of the defense was, that while the Butler brothers were agreed that the slander upon their sister should be straightened up, and the person uttering it acknowledge its falsity, yet there was in fact no agreement among them to kill deceased, or do him any injury; that, on the contrary, each of the elder brothers deprecated the idea that the younger brothers, aged 18 and 19, respectively, should be present or participate in the affair; and each, speaking for himself, disclaimed any need for assistance in dealing with deceased and inducing a retraction of the slander, if he had uttered it. The jury, evidently regarding the remarks after the killing as the ebullition of the situation rather than evidence of a preconceived plan, found there was no conspiracy, and we can see no sufficient reason to question the correctness of their finding in this respect. But the State insists, that though there may have been no prior agreement or conspiracy to kill the deceased or do him bodily injury, yet the appellant did by himself undertake to force deceased to make a retraction, and did bring on the difficulty by attacking deceased, and while so engaged he saw his brother Jodie Butler about to kill deceased wrongfully, and not in defense of himself or appellant, and he aided and encouraged the said Jodie by words, acts, and gestures, who thereupon killed deceased by shooting him in the back. On the contrary, the defense contends that Jodie Butler, seeing his brother struggling with an armed antagonist, who had begun firing, and believing he was in imminent danger, armed himself and was hurrying to his assistance

when deceased suddenly turned upon him and began firing at him, and the said Jodie Butler was compelled to kill him in self-defense; and it is insisted that deceased was shot in the breast, but that, conceding the shot to have been in the back, it was caused by the fact that appellant, seeing the deceased fire twice upon Jodie, grappled with him to prevent any further attempt on his brother's life, and as they so grappled the deceased was turned, and received the shot in the back, from which he instantly fell and died. These are the substantial issues presented by the defense. Yet while the charge of the learned judge covers no less than twenty-six pages of the transcript, setting forth the various phases of the case, we are unable to find that the issues above stated have been submitted to the jury.

The defense asked special instructions to the effect that if Jodie Butler, seeing his brother, the appellant, in apparent danger of his life from deceased, for the purpose of protecting his brother's life, armed himself and was approaching the parties engaged in the difficulty, when the deceased turned upon him and began firing upon him, and thereby placed his own life in danger, and making it necessary for him to kill deceased in self-defense, the appellant would be guilty of no offense; nor would the fact that appellant had begun the difficulty have made him guilty of manslaughter if, in the exchange of shots between the deceased and Jodie, appellant had grappled with deceased solely for the purpose of preventing him from killing Jodie Butler. The evidence on the part of appellant strongly suggests the necessity for such instruction, and we think the court erred in not giving it.

2. Appellant complains that the court erred in excluding the declarations of Jodie Butler and the appellant, made to Dr. McClellan and Lovard King, of what was their proposed method of dealing with the deceased if he did not straighten up the slander, and their remarks on being told that deceased had denied making the statement attributed to him. The court permitted the witnesses to state what they had told the Butlers, but excluded the reply made by the Butlers to them. We think that under the facts of this case the declarations referred to were more than self-serving, but were explanatory and illustrative of the fact why appellant sought deceased, unarmed, on the morning of the homicide, and showing that he sought him with no other purpose than that of inducing him to go to the postoffice and clear up the grievous imputation that deceased was charged with casting upon his young sister. Still the court did admit similar testimony, as Mrs. Butler, the mother of appellant, and Gibson, the brother-in-law of deceased, were allowed to testify in full as to these declarations. Everett's case, 30 Texas Crim. App., 684.

The transcript in this case contains over 300 pages, when it should not have exceeded 100, notwithstanding there were thirty bills of exceptions taken to nearly every portion of the charge of the court, which

covers twenty-six pages. The statement of facts consists principally of the stenographer's notes, which have been copied in the record. Counsel are doubtless aware that such a statement is prohibited by the rules of this court, and the trial court should have refused to approve such a statement of facts. This court has neither the time nor inclination to examine such a record to ascertain what each witness intended to testify. Hereafter such violations of the rules will simply be met by this court's refusing to consider the statement of facts for any purpose.

For errors indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.