Upon original submission the statement of facts could not be considered because it was incorporated in the transcript, and the judgment was affirmed. The statement of facts is now on file in this court, having been transmitted by the clerk of the trial court under his certificate that he inadvertently omitted to send up the original statement of facts.
In his motion for rehearing appellant raises many questions as to irregularities in the proceeding which resulted in the judgment against him, but we pretermit consideration of any save that now discussed.
The county judge prepared a statement of facts, and then at the request of counsel employed after the trial, added the following which is a part of the statement of facts under the judge's certificate:
"At the request of defendant's counsel, engaged subsequent to the above trial, the Court makes this further statement:
"In assessing the punishment in this case the Court had judicial knowledge of and considered the fact that the defendant has twice before in this Court been found guilty, on his pleas of guilty, of misdemeanor charges; first, in 1945, on a charge of aggravated assault with a motor vehicle, and second, December 6th, 1948, on a charge of unlawfully carrying a dirk.
"No testimony or evidence as to such other charges or any other offense was given in this cause.
"However, the Judge knew, of his own knowledge, of such other offenses, having been the trial judge in said last mentioned case when this defendant pleaded guilty to the charge of unlawfully carrying a dirk and having assessed the minimum fine of $100.00 in such case. The Court also considered the fact that, on the trial of said last mentioned case, the Court had warned the defendant of the serious nature of the circumstances out of which said charge of unlawfully carrying a dirk arose and had advised the defendant not to expect such leniency if he were subsequently found guilty upon any similar charge. The Court also considered the fact, in assessing the punishment in the present case, that on the trial of said last mentioned case, the Court had considered the defendant's financial circumstances and family situation in assessing the minimum punishment and had so advised the defendant at the time. The Court also considered *Page 148 
the fact, in assessing the punishment in the present case, that in the judicial knowledge of the Court this defendant has on at least one other occasion drawn and attempted to use a knife to unlawfully cut another person. The Court also considered the fact, in assessing the punishment in the present case, that in the judicial knowledge of the Court this defendant has several times previously been convicted in Justice of the Peace Court of this County on charges of disturbing the peace and fighting, and that in the opinion of this Court the fines assessed in such Justice Court cases have had no apparent effect on the conduct of this defendant. The Court also considered, from its own knowledge and not from testimony or evidence introduced on the trial of this case, that the reputation of defendant as a peaceful and law-abiding citizen is bad.
"All of the foregoing matters were in the mind of the Court when the punishment was assessed in this case, although no evidence or testimony as to same was introduced on the trial of this cause."
It scarcely seems necessary to go further then set out the court's own reasons for fixing the punishment in this case to demonstrate an error calling for a reversal of the judgment. It is quite similar to cases where a trial judge attempts to qualify bills of exceptions by stating as facts things known to him but not made part of the record. See Dyer v. State,47 Tex. Crim. 253, 83 S.W. 192; 4 Tex. Jur. 276, Sec. 193.
The motion for rehearing is granted, and the judgment is now reversed and the cause remanded.