514 P.2d 216

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Arthur Ray SHREVE, Defendant and Appellant.**

**No. 13109.**

Supreme Court of Utah.

Sept. 17, 1973.

Gerald H. Kinghorn of Kinghorn, Oberhansly & O'Connell, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice.

The defendant was convicted in juvenile court of the crime of contributing to the delinquency of juveniles in that he furnished marijuana to juvenile boys under the age of eighteen years.

The case was tried to the court sitting without a jury. No one asked the boys their ages, and when the evidence was all in and both sides had rested, the prosecutor suggested that the court should take judicial knowledge of the age of each child.

■ While the outward physical appearance of an alleged minor may be considered in judging his age,[1] we do not think

that such an appearance is sufficient to warrant a finding beyond a reasonable doubt as to the age of a person except as to very young and very old persons. Apparently the appearance of the boys was not such that the trial judge was convinced that they were under the required age, for he asked the clerk if the court had a record on the boys. When the records were brought from the clerk's office and presented to the judge by the clerk, the judge stated:

> With respect to two juveniles . . . and . . . the Court has records that contain the date of birth of these two boys and shows them both fourteen years of age and the Court is entitled to take judicial notice of its own records.

■ It seems to be the law that a court will take judicial knowledge of its own records insofar as those records are a part of the matter before the court. However, records of other proceedings in the court cannot be judicially noticed and must be introduced in evidence in order to be considered in the pending case. See 22A C.J.S. Criminal Law § 564.

■ Inasmuch as neither party had requested a reopening of the case, there could be no further evidence given in the matter; and since the court could not take judicial notice of records in other cases, there was

1. 2 Wigmore on Evidence § 222 (3d Ed. 1940).

a failure of proof of one essential element in the crime charged, to wit: the age of the alleged juveniles.

The judgment of conviction is reversed, and the defendant is discharged.

CALLISTER, C. J., and CROCKETT, HENRIOD and TUCKETT, JJ., concur.