Willie LANG, Appellant,

v.

The STATE of Texas, Appellee.

No. 52183.

Court of Criminal Appeals of Texas.

June 30, 1976.

Rehearing Denied July 19, 1976.

J. Michael Jaynes, Dallas, for appellant.

Henry Wade, Dist. Atty., Edgar A. Mason and Robert Whaley, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

---

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

Upon his plea of guilty appellant was convicted of attempted aggravated robbery, punishment was assessed at ten years, imposition of sentence was suspended, and appellant was placed on probation. One of the terms of probation was that appellant commit no offense against the laws of this or any other state or the United States.

Subsequently the State filed a motion to revoke probation alleging that appellant violated the terms of his probation by committing the offenses of escape (V.T.C.A. Penal Code Sec. 38.07) and possession of a short-barrel firearm (V.T.C.A. Penal Code Sec. 46.06). The trial court, after hearing evidence on the motion to revoke, found appellant had not committed the offense of escape, but had possessed a short-barrel firearm. Probation was revoked and sentence pronounced.

Appellant contends the trial court abused its discretion when it revoked his probation because the evidence is insufficient to show that the object found in his possession is a short-barrel firearm as that term is defined by statute.

V.T.C.A. Penal Code Sec. 46.01(10), provides:

"'Short-barrel firearm' means a rifle with a barrel length of less than 16 inches or a shotgun with a barrel length of less than 18 inches, or any weapon made from a shotgun or rifle if, as altered, it has an overall length of less than 26 inches."

Although the alleged short-barrel firearm was introduced in evidence as State's Exhibit 1, there was no testimonial evidence of its barrel length or overall length. The trial court examined the exhibit and recited the following findings of fact regarding its physical characteristics:

"The Court is quite familiar with the fact that bird shot or rat shot may be fired in the rifle. The Court has personally fired rat shot in a .38 caliber pistol with a barrel on it three inches long and that inasmuch as the weapon has rifling the Court is not going to hold that a .38 caliber pistol is a shotgun within the terms of that understanding, otherwise every pistol in the United States would be a sawed-off shotgun because it is capable of firing rat shot in catridges [sic] designed to fit those particular weapons. The Court will not hold that this is a shotgun or any part thereof. Further examination of the weapon shows that the front site is attached and also that the end of the muzzle is beveled and there appears to be no evidence on this particular exhibit, State's Exhibit No. 1, that the barrel has been reduced in size from the date of its original manufacture. It appears to be some fifteen to eighteen inches long from the end of the chamber immediately in front of the opening for the magazine and the bolt in a closed position and into the muzzle."

From these findings it is clear that the alleged short-barrel firearm is neither a short-barrel shotgun nor an altered short-barrel firearm. To be a short-barrel rifle under the statute the barrel must be less than sixteen inches in length. The weapon (a .22 caliber rifle) is before this Court [1] and upon examination and measurement of the length of the barrel, we find it is eighteen inches in length. We therefore hold the evidence is insufficient to support the trial court's conclusion that appellant possessed a short-barrel firearm.

The trial court having abused its discretion, the order revoking probation is set aside and the cause is remanded.

---

1. The exhibit was obtained pursuant to the order of the Court under Art. 40.09(15), V.A.C.C.P.