Rickey Lee BRADLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 56475.

Court of Criminal Appeals of Texas, En Banc.

April 5, 1978.

Rehearing Denied May 3, 1978.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., and John H. Hagler, Asst. Dist. Atty., Dallas, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted of burglary of a habitation and placed on probation for six years. Subsequently the State filed a motion to revoke probation alleging violation of the condition that he commit no offense against the laws of Texas, in that he committed the offense of murder.

We are confronted at the outset with a defect in the record that requires this appeal be abated for supplementation of the record. Appellant contends the trial court abused its discretion when it took judicial notice of the testimony heard in another proceeding *and* the sufficiency of the evidence to support the trial court's order revoking probation is challenged.

The record reflects that following appellant's plea of untrue to the motion to revoke probation the following occurred:

"[THE STATE]: Your Honor, at this time the State would ask the Court to take judicial notice and knowledge of testimony heard by the Court in Cause No. F–76–1545–NJ, The State of Texas versus Rickey Lee Bradley, wherein the Defendant was charged with murder, which testimony the Court heard on July 6th, 1976, in this same court, which trial was a jury trial, which trial resulted in a hung jury.

"[DEFENSE COUNSEL]: Your Honor, I object to the Court taking judicial

notice and ask that the State put on its case in order to prove up the grounds to revoke his probation.

"THE COURT: On what grounds do you object to my taking notice?

"[DEFENSE COUNSEL]: I would think this isn't a matter the Court could take judicial notice of.

"THE COURT: I'm going to overrule your objection. I recall the trial and I recall the testimony. I want the record to show this is testimony that was heard in this court by this Judge and I want the record to further show that the Defendant was present at the time that the testimony was given, that he was represented by counsel at the time the testimony was given, and further that his right to confrontation and cross-examination of witnesses were reserved during that trial. For those reasons, I will take judicial notice of the proceedings in this court. . . ."

Both sides then rested and closed. This is all the material considered by the trial court, as reflected in the record of the hearing on the motion to revoke.

▎ The State contends judicial notice was properly taken under *Barrientez v. State*, Tex.Cr.App., 500 S.W.2d 474; *Stephenson v. State*, Tex.Cr.App., 500 S.W.2d 855; *Green v. State*, Tex.Cr.App., 528 S.W.2d 617; and *O'Hern v. State*, Tex.Cr. App., 527 S.W.2d 568. Those cases are authority for a court to take judicial notice [1] at a hearing to revoke probation of the evidence heard in a prior criminal trial of the probationer. This rule is allowed in light of special considerations surrounding the revocation proceedings. The hearing on a motion to revoke probation is not a trial in a constitutional sense (*Hill v. State*, Tex. Cr.App., 480 S.W.2d 200, cert. denied 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667, and cases there cited), and such a hearing being administrative in nature, procedural and evidentiary requirements are not enforced as strictly as they would be in a criminal trial. *Kelly v. State*, Tex.Cr.App., 483 S.W.2d 467, 471 (concurring opinion) and examples cited therein. The relationship between the probationer and the court is contractual in nature. *Espinoza v. State*, Tex.Cr.App., 486 S.W.2d 315; *Lasater v. State*, Tex.Cr.App., 456 S.W.2d 104. Although review on an appeal from a revocation of probation is limited to a determination of whether the trial judge abused his discretion, *Hilton v. State*, Tex.Cr.App., 443 S.W.2d 844, probation nevertheless may not be terminated without an affirmative finding of a violation of probation supported by a preponderance of the evidence, *Scamardo v. State*, Tex.Cr.App., 517 S.W.2d 293, and the probationer is entitled to certain due process pro-

---

1. This rule has been criticized as going beyond the proper limits of judicial notice. See, e.g. the dissenting opinion in *Barrientez v. State*, supra. The basis for judicial notice has been described this way:

"The doctrine of judicial notice is based on convenience and expediency, and to say that a court will take judicial notice of a fact is merely another way of saying that the usual forms of evidence will be dispensed with if knowledge of the fact can be otherwise acquired. Judicial knowledge is not reached by the use of evidence; it is a matter pertaining to the judicial function and its existence, like that of an admission, stipulation, or rule of presumption, dispenses with evidence as to the point covered." 31 C.J.S. Evidence § 13. The proper limits of judicial notice are not static and rigidly fixed. "The list of things covered by judicial notice is constantly expanding, and no exact limit can be placed thereon." Id., Sec. 7. In McCormick and Ray's *Texas Law of Evidence*, 2nd ed., Texas courts are criticised for giving the doctrine too narrow an application:

"Because of its elasticity the doctrine of judicial notice offers great possibilities for the improvement and speeding up of trial procedure. Although the foregoing sections indicate a liberal use of the doctrine by Texas courts many instances of too narrow application might be cited. These seem to be due to two things: (1) The courts evidently forget that there are two parts of the doctrine, i.e., mandatory and discretionary. And it is in the latter part that the possibilities for great usefulness lie . . . (2) Too often the courts think in terms of the older and more familiar basis of the doctrine, namely, 'common knowledge' instead of the more modern and elastic basis, i.e. 'verifiable certainty.' In this channel lies the greatest opportunity for expansion." Id. Sec. 211.
The rule of *Barrientez v. State*, supra, now has an established place within the doctrine of judicial notice.

tections in the revocation proceedings. *Whisenant v. State*, Tex.Cr.App., 557 S.W.2d 102. We do not waiver from our firm adherence to approval of the procedure followed in *Barrientez* and its progeny, supra. The issue presented here, however, is different.

In *Barrientez, O'Hern* and *Green*, supra, the defendant contended on appeal that the evidence was insufficient to prove the violation of probation in that the prior conviction relied on for revocation was on appeal and not final at the time of the revocation hearing. Those contentions were overruled in that the probations there were revoked for the *commission* of an offense, not for *conviction* for an offense. In contrast, appellant here urges the rules of law that it is an abuse of discretion to revoke probation where the proof does not conform to the allegations set out in the motion to revoke, *Ford v. State*, Tex.Cr.App., 488 S.W.2d 793, or where it fails to establish an element of the offense. *Reed v. State*, Tex.Cr.App., 533 S.W.2d 35. He then asserts that the record here is devoid of evidence to support the allegation in the motion to revoke that appellant committed the offense of murder. This deficiency, he argues, renders the evidence insufficient to support the revocation of probation. Thus, it is here contended that the evidence is insufficient to show the *commission* of the offense alleged.

The State on this issue cites *Dart v. State*, Tex.Cr.App., 515 S.W.2d 119, in which it was stated:

"It is clear and unambiguous from a reading of Sec. 5 of Art. 40.09 [V.A.C.C.P.], that the burden is upon the party desiring a transcription of the court reporter's notes to not only obtain such, but to further see that same is filed with the Clerk in time for inclusion in the record."

The State argues appellant made no attempt to include in this record a transcription of the court reporter's notes from the criminal trial of which judicial notice was taken. This position misses the mark. The transcription of those court reporter's notes was never a part of the record in this case. The court at the revocation of probation hearing took judicial notice of the events that would be reflected in those notes, yet the actual notes were not introduced as evidence at the hearing. Cf. *O'Hern v. State*, supra, in which record of the testimony from the prior trial was placed in evidence at the probation revocation hearing.

■ We draw a distinction between the obligation to secure inclusion in the record on appeal of material that was part of the record in the proceedings in the trial court and the obligation urged by the State, that the appealing party go beyond the record to secure and place in the record matter that is part of the State's case. It is proper that the appealing party be required to present as complete a record of the trial proceedings as is necessary to consider and dispose of the issues urged on appeal. Here, the complete record of the probation revocation proceeding has been made a part of the record on appeal. It is not proper to require the appellant to go beyond that trial record to make the State's case against himself. In short, we draw a distinction between the burden on the appellant to bring *from* the trial record the matter he relies on for appeal issues and the burden on the State to bring *to* the trial record the evidence it relies on to meet its burden of proof. Appellant has presented a complete record; the State did not meet its burden to present the material relied on to meet its burden of proof in a manner capable of reflection in the trial record, so that a meaningful review could be had on the appellate record in this Court.

■ Although this record reflects all that occurred at the hearing on the motion to revoke probation, it does not reflect the *content* of the matters judicially noticed by the trial court upon the State's motion and necessary to meet the State's burden of proof. While the theory allowing judicial notice of a fact is that the fact "is so easily determinable with certainty from sources considered reliable, it would not be good sense to require formal proof," 1 McCormick and Ray, *Texas Law of Evidence*, 2nd ed., Sec. 151, this does not dispense with the requirement, for purposes of review, that

the facts so noticed be apparent from the record. Under the *Barrientez* rule for revocation of probation hearings, the facts judicially noticed here were matters of testimony heard in the prior criminal trial, i.e., that certain witnesses gave certain testimony. Those facts, i.e., what the testimony was, are not shown in this record and are not known to this Court, and yet, to dispose of the issue of the sufficiency of the evidence raised in this case, such facts judicially noticed must be made known to this Court. The statement in the record that judicial notice was being taken of *unstated* facts is not a sufficient presentation of the matter relied on by the State to meet its burden of proof such as to be meaningful to this Court and to allow disposition of the issue raised in this appeal. How are we to dispose of this matter?

In *Garcia v. State*, Tex.Cr.App., 488 S.W.2d 448, an appeal from a revocation of probation, the findings of the court revoking probation were held not sufficient to inform the appellate court of the violations found by the trial court upon which probation was revoked. As a result this Court was unable to review the issues on appeal. The disposition there ordered was:

> "The orders revoking probation, and the sentences imposed, are hereby set aside until such time as the probations granted to this appellant have been revoked by the trial court in orders clearly setting out the findings and conclusions upon which they are made."

Reversal was there required because the defect went to the order revoking probation, a prerequisite to and the foundation for the sentence. Thus, the defect raised in that appeal could not have been corrected without setting aside the judgment of revocation and subsequent sentence. On remand, however, no new hearing was required. It was sufficient for the trial court to enter new orders and pronounce sentence. *Garcia v. State*, Tex.Cr.App., 499 S.W.2d 126.

The issue here, as distinguished from *Garcia*, goes not to the judgment itself, nor to the determination of trial issues (the facts judicially noticed were known to the fact finder), but rather the matter goes strictly to the review process, i.e., to the ability of this Court to dispose of the issue. See generally, *Ex parte Jones*, Tex.Cr.App., 562 S.W.2d 469. Consequently, we conclude the judgment need not be reversed as it was in *Garcia v. State*, Tex.Cr.App., 488 S.W.2d 448. In *Hester v. State*, Tex.Cr. App., 535 S.W.2d 354, it was necessary to abate the appeal and direct the trial judge to reduce to writing his findings on the disputed fact issues on the issue of the voluntariness of the defendant's confession raised under Art. 38.22, Sec. 2, V.A.C.C.P. That abatement was required in order that this Court could finally dispose of the appeal. Cf. *Lang v. State*, Tex.Cr.App., 538 S.W.2d 121; *Sheeley v. State*, Tex.Cr.App., 530 S.W.2d 108. In the instant case we likewise conclude that abatement is necessary in order that a proper, final disposition of the issue of the sufficiency of the evidence raised by appellant may be had.

In abating this case we neither encourage nor suggest that the State in future cases of a similar posture should allow submission of the appeal without identification of the facts judicially noticed, with the expectation that an abatement may be ordered to allow perfection of the record. The number of abatements by this Court is already a considerable burden on the criminal justice system,[2] and where adequate alternatives are available we will not add to that burden. In cases such as this adequate alternatives are available, and in future cases one of the procedures hereinafter described should be followed.

In *Cartwright v. State*, Tex.Cr.App., 527 S.W.2d 535, the practice for presenting reversible error on appeal for violation of certain provisions of Art. 40.09, V.A.C.C.P., was changed. In *Ex parte Jones*, 562 S.W.2d 469 it was made clear that the

---

2. See, "Dismissals and Abatements by the Court of Criminal Appeals," 41 Texas Bar Journal 53.

change in practice effected in *Cartwright*, in that it was accomplished as a matter of judicial policy and went strictly to the review process, would be given prospective effect only. Much earlier, in *Butler v. State*, 33 Tex.Cr.R. 232, 26 S.W. 201, the practice for presenting a proper statement of facts on appeal was described as then provided for in the rules of the Court. Although the record in *Butler* was not in compliance with those rules, the record was considered, with the announcement, "Hereafter such violations of the rules [for preparing the statement of facts] will simply be met by this court's refusing to consider the statement of facts for any purpose." That rule for presenting matters for review was announced as a prospective rule, created by the Court in its discretion, to govern consideration of future appeals brought before it. In a like spirit we today indicate the following alternatives that should be followed in future cases to avoid the situation that in this case necessitates an abatement. We do not, however, lay these down with the force of an ironclad mandate.

■ The defect to be avoided or cured is the failure of the record to reflect the fact or facts judicially noticed by the trial court. The defect may be avoided in the first instance by precisely reciting such facts for the record or placing them in the record. For judicial notice of such facts as here considered, this may be done by placing the transcribed court reporter's notes, appropriately identified, into the record, as was done in *O'Hern v. State*, Tex.Cr.App., 527 S.W.2d 568, or, if the matter is not excessively long, by reading the testimony judicially noticed into the record, as was done in *Stephenson v. State*, Tex.Cr.App., 500 S.W.2d 855.

At least three methods are available to cure, for review process purposes, the failure of the record of the probation revocation hearing to reflect the testimony judicially noticed therein, should some issue resting on that testimony, such as the sufficiency of the evidence, be raised in the probationer's appeal brief. These depend, however, on a sufficient identification at the revocation hearing of the trial proceedings judicially noticed. If such trial proceedings are clearly identified, and if the facts so noticed are necessary for disposition of an issue raised on the appeal, one of the following methods may be followed, according to the circumstances.

■ If the criminal trial judicially noticed, resulted in an appeal to this Court, and if the record in that appeal contains transcribed court reporter's notes reflecting the testimony judicially noticed, or otherwise reflects that testimony, it will be sufficient for the State to cite and rely on that record of this Court in its reply brief. We will judicially notice the record of the same testimony noticed by the trial court. In order to do so, however, the record of the revocation hearing must clearly reflect the precise matter judicially noticed.

■ If there was no appeal of the criminal trial, or if it was appealed but the record therein does not reflect the testimony judicially noticed, it will be necessary for the State to produce the record of the judicially noticed testimony in its entirety for inclusion in the record of the probation revocation appeal. This must be done while the case is still before the trial court, as was done with a State's exhibit necessary to sustain the State's burden of proof for enhancement of punishment in *Almand v. State*, Tex.Cr.App., 536 S.W.2d 377, which exhibit was introduced at trial but was omitted from the record as originally approved. The same procedure was followed by the State to supply a missing indictment in *Guzman v. State*, Tex.Cr.App., 521 S.W.2d 267, and a missing transfer order in *Ellis v. State*, Tex.Cr.App., 543 S.W.2d 135. Again, though, the matter so presented for a supplemental record must be sufficiently identified at the revocation hearing as being judicially noticed, in order that the identity of the two will be apparent from the record before this Court.

■ Finally, the parties may agree, with the approval of the trial court, to a brief statement of the facts judicially noticed, under Article 40.09(14), V.A.C.C.P.

Compare the practice under Article 759a, Sec. 1(E), V.A.C.C.P. (1925), applied in *Hilliard v. State*, Tex.Cr.App., 401 S.W.2d 814.

In the instant case the matter was identified at the revocation hearing as the testimony heard by Judge Zimmerman of Criminal District Court No. 3 of Dallas County on July 6, 1976, in Cause No. F–76–1545–NJ, *the State of Texas vs. Rickey Lee Bradley*. This was sufficient identification and the record ordered on abatement of this appeal should reflect its identity with that trial identification. We abate this appeal with directions that the State have reduced to writing, and then present to the trial court for approval as a supplemental appellate record, the court reporter's notes of the testimony judicially noticed at the revocation hearing.

It is so ordered.

VOLLERS, J., not participating.

DALLY, Judge, concurring.

I concur in the result reached by the majority because I believe it is a fair resolution of this appeal where the parties have relied upon former decisions of this Court. In the future I would follow the reasoning in Presiding Judge Onion's dissenting opinion because I do not believe that testimony in another proceeding is the proper subject of judicial knowledge.

I would suggest a procedure that would avoid the problems raised in this appeal. When a pending motion to revoke probation alleges as a ground for revocation an offense and that offense is also alleged in an indictment, the court should announce prior to trial on the indictment that it will at the same time consider that evidence on the ground for revocation in the motion to revoke. See for example, *Rodriquez v. State*, 552 S.W.2d 451 (Tex.Cr.App.1977), in which the procedure suggested was used.

ONION, Presiding Judge, dissenting.

The chickens hatched by *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App.1973), are coming home to roost. Instead of putting an end to the mounting problems created by *Barrientez* and its progeny by overruling *Barrientez*, the majority warmly embraces this erroneous rule, and in an apologia, seeks to shore up the rule in the light of the circumstances of the instant case. It abates the appeal to allow the State to supplement the record by including the testimony from a prior trial record of which the trial judge took "judicial notice" in this revocation proceeding but which was never included in the record in the first place. The State is thus allowed to re-open its case and to correct its mistake by abatement of appeal.

On October 16, 1975 the appellant entered a plea of guilty before the court, after waiving trial by jury, to the offense of burglary of a habitation. His punishment was assessed at six (6) years' imprisonment, but the imposition of the sentence was suspended and he was placed on probation. Among the probationary conditions imposed was the requirement that appellant "(a) Commit no offense against the laws of this or any other state or the United States."

On January 27, 1976 the State filed a motion to revoke probation alleging "on or about the 25th day of January, 1976, in Dallas County, Texas, Rickey Lee Bradley did then and there intentionally and knowingly cause the death of an individual, Dwaine Barnes, by hitting him in the head with a hammer."

On September 2, 1976 a hearing was conducted on said revocation motion, to which the appellant pled "untrue." The court then announced the burden was upon the State and authorized it to proceed. The record then reflects:

"MR. DAVIS (Assistant District Attorney): Your Honor, at this time the State would ask the Court to take judicial notice and knowledge of testimony heard by the Court in Cause No. F–76–1545–NJ, The State of Texas versus Rickey Lee Bradley, wherein the Defendant was charged with murder, which testimony the Court heard on July 6th, 1976, in this same court, which trial was a jury trial, which trial resulted in a hung jury.

"MR. SUMNER: Your Honor, I object to the Court taking judicial notice and ask that the State put on its case in order to prove up the grounds to revoke his probation.

"THE COURT: On what grounds do you object to my taking notice?

MR. SUMNER: I would think this isn't a matter the Court could take judicial notice of.

"THE COURT: I'm going to overrule your objection. I recall the trial and I recall the testimony. I want the record to show this is testimony that was heard in this court by this Judge and I want the record to further show that the Defendant was present at the time that the testimony was given, that he was represented by counsel at the time the testimony was given, and further that his right to confrontation and cross-examination of witnesses were reserved during that trial. For those reasons, I will take judicial notice of the proceedings in this court, which I think the law permits me to do. Do you rest?

"MR. DAVIS: The State rests.

"MR. SUMNER: The Defense rests, Your Honor."

Both sides then closed and the court, without more, revoked probation. Sentence was imposed and notice of appeal was given.

The appellate record as prepared contained no testimony from the said Cause No. F–76–1545–NJ or other records and there is nothing showing what testimony the trial judge took "judicial notice" of, whether the deceased in said cause was the same deceased as alleged in the revocation motion or whether the offense occurred during the probation period.

After appellant filed his appellate brief in the trial court in accordance with Article 40.09, V.A.C.C.P., the trial judge conducted a hearing on September 9, 1977[1] to supplement the record, over the objection of appellant, to show that the defense attorney in said Cause No. F–76–1545–NJ was the same attorney for the appellant at the revocation proceedings. The docket sheet from Cause No. F–76–1545–NJ was introduced. It noted Steve Sumner as defense counsel, who was also counsel at the revocation hearing.

In three related grounds of error appellant urges that the trial judge improperly took judicial notice of the facts upon which the probation was revoked, that the evidence was insufficient to justify revocation, and that even if *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr.App.1973), is applicable, its requirements were not here met since there was no proper showing that the defense counsel were the same at the prior trial and at the revocation hearing.

In *Barrientez v. State*, supra, the majority extended the rule of judicial notice by permitting a trial judge in a revocation of probation hearing to take judicial notice of testimony offered at a prior trial over which the same trial judge presided.

The rule adopted in *Barrientez* was contrary to the long standing holdings that a trial judge may take judicial notice of its previous orders, records, etc., but he cannot take judicial notice of testimony heard before him on another trial and enter independent judgment thereon. *Scott v. Clark*, 38 S.W.2d 382 (Tex.Civ.App.—Austin, 1931); *Grayson v. Rodermund*, 135 S.W.2d 178 (Tex.Civ.App.—Austin, 1939); *Entrekin v. Entrekin*, 398 S.W.2d 139 (Tex.Civ.App.— Houston, 1966); *Ex parte Turner*, 478 S.W.2d 256 (Tex.Civ.App.—Houston [1st Dist.], 1972), no writ history.

" . . . [i]t is well settled that the scope of the exercise of the function of judicial notice is not coextensive with the personal knowledge of the individual judge . . . The judge may personally know a fact of which he cannot take judicial notice . . . If the judge has personal knowledge of a fact not judicially known the proper way to make use of it is for him to take the stand as a witness and testify to what he knows . . ."

---

1. The seven page transcription of the court reporter's notes from the September 2, 1976 revocation hearing was not filed until June 20, 1977.

Texas Practice, 1 McCormick & Ray, 2nd Ed., Evidence, § 152, p. 1972. See also *Jackson v. State,* 70 Tex.Cr.R. 582, 157 S.W. 1196 (1913); *Lerma v. State,* 81 Tex.Cr.R. 109, 194 S.W. 167 (Tex.Cr.App. 1917).

Without discussing these holdings or the rule of judicial notice in general, the majority in *Barrientez* simply stated:

> "Certainly, Judge Walker could take judicial notice of the evidence introduced in that prior proceeding. Are we to pretend that this judge was not present at the murder trial, and force the State to reproduce the same witnesses? We think not. Such a requirement would place an unreasonable burden upon the State."

Of course, the question in *Barrientez* was not whether Judge Walker was present at the earlier murder trial, but whether he could properly take judicial notice of the testimony in such prior trial. And surely the rules of evidence should not be changed simply because the State must shoulder the obligation imposed on it by law.[2]

> "Judicial knowledge is that which is so notoriously and indisputably known that everybody, including the court, knows it. And if a fact is judicially noticed, it need not be pleaded or proved." 23 Tex. Jur.2d, Evidence, § 10, p. 27.

The majority acknowledges that the theory of allowing judicial notice of a fact is that the fact "is so easily determinable with certainty from sources considered reliable, it would not be good sense to require formal proof," 1 McCormick and Ray, Texas Law of Evidence, 2nd Ed., § 151, but requires proof of the prior testimony of which the judge took "judicial notice" in the instant case. The basic purpose of judicial notice is to dispense with formal proof. Thus, the basic flaw in the reasoning in *Barrientez* is exposed like a raw nerve.

It is interesting, very interesting, to note that in *Barrientez* and *Green v. State,* 528 S.W.2d 617 (Tex.Cr.App.1975), re-affirming the *Barrientez* rule, the testimony of the prior trials which were "judicially noticed" *were not* in the appellate records of those cases, and yet those cases were *affirmed,* putting foundation under the so-called *Barrientez* rule. Today, however, the instant case is *abated* because of a defect in the appellate record, " . . . the absence of the testimony of which the court took judicial notice." If it is a defect in the instant case, and certainly it is, then it was a defect in the *Barrientez* and *Green* records. How this court was able to pass on the sufficiency of the evidence to sustain the revocations in *Barrientez* and *Green,* and is not able to do so in the instant case, is not answered by the majority. There is only one plausible explanation which the majority has yet to acknowledge or mention. The prior trials in *Barrientez* and *Green* resulted in convictions and appeals were taken therefrom and the appellate records in those cases were in this court and available when the appeals from the probation revocations were being considered. While the majority does not admit it,[3] it is obvious the majority looked to these records in determining the sufficiency of the evidence to justify the revocations, although it is not proper for this court to look to another appellate record to supply any deficiency in the proof of another case under consideration on appeal. See 1 McCormick and Ray, Texas Law of Evidence, § 186, p. 207 (2nd Ed., 1956); *Cain v. State,* 468 S.W.2d 856, 861 (Tex.Cr.App.1971). How else could there have been a determination of the

---

2. The rule established in *Barrientez* was apparently designed to apply only to the revocation of probation proceedings. At least it has only been so applied, and today's majority lends support to such theory.

3. The majority opinions in both *Barrientez* and *Green* are silent as to the appellate records in the other cases. The dissenting opinion in *Barrientez* noted at p. 477 that the earlier murder

conviction had been affirmed in *Barrientez v. State,* 487 S.W.2d 97 (Tex.Cr.App.1972). In *Green* none of the opinions mention the earlier conviction, but an examination of our records shows there was pending in this court at the time an appeal from an aggravated robbery conviction [see *Green v. State,* Tex.Cr.App., 531 S.W.2d 350] which was disposed of in a per curiam opinion on January 7, 1976.

sufficiency of the evidence to sustain the revocations in *Barrientez* and *Green*?

The majority opinion talks of "the defect to be avoided" and the obligation of the State to have the record reflect the facts judicially noticed by the trial court, but does this obligation vary from case to case depending upon whether an appeal is taken from the prior conviction whose testimony is judicially noticed? The bench and bar are left to wonder. The majority opinion avoids the subject.

There are other problems with the *Barrientez* rule. Suppose upon an abatement of an appeal or even at the time of the revocation hearing it is discovered that the court reporter has lost or destroyed his notes from the prior trial and there is no way to reproduce a transcription of such notes. What happens then with regard to the "judicial notice"? Is the "judicial notice" of the facts so easily determinable with certainty from sources considered reliable still valid? Does the abatement then become a reversal upon such showing?

While *Barrientez* did not make plain whether defense counsel should also be the same at both the prior trial and the revocation hearing for the extension of the rule to apply, later cases have made clear that counsel should be the same. *Stephenson v. State*, 500 S.W.2d 855 (Tex.Cr.App.1973); *O'Hern v. State*, 527 S.W.2d 568 (Tex.Cr.App.1975) (Concurring Opinion); *Green v. State*, supra (Concurring Opinion). Under any circumstances, the defense counsel was the same at both hearings in *Barrientez, Stephenson, O'Hern* and *Green*. It is observed that Judge Roberts, the author of the *Barrientez* opinion, concurred in *Green* with the following comments:

"I concur in the result reached in this case. Although it does not appear from the record that counsel at the revocation hearing was the same as counsel at the trial of the aggravated robbery charge, such fact was admitted by the parties at oral argument. The requirements of *Barrientez v. State*, 500 S.W.2d 474 (Tex. Cr.App.1973), for the introduction of this testimony are thus satisfied."

Such concurring opinion was necessary because the majority opinion in *Green* simply ignored the question of whether the same counsel was involved in applying the *Barrientez* rule.

All of this raises the question of just how valid a rule of "judicial notice" is that depends upon the lawyers for the defendant being the same at the prior trial and at the revocation hearing. Yet it is so well established as not to require the citation of authority that a defendant is entitled to counsel and the effective assistance of counsel at a hearing on the revocation of probation.[4] How can such counsel be effective if he was not the same counsel at the prior trial, or how can he properly object to the matters of which the court is taking "judicial notice," but of which he is completely ignorant? This is just another problem with the *Barrientez* rule.

The majority suggests that for "judicial notice of facts as here considered" the complete record of the prior trial should be completely incorporated in the appellate record as was done in *O'Hern v. State*, supra,[5] or by reading into the record selected excerpts from the prior testimony "judicially noticed" as was done in *Stephenson v. State*, supra. In doing so, the majority

---

4. However, see Article 42.12, V.A.C.C.P.; *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *McConnell v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); *Crawford v. State*, 435 S.W.2d 148 (Tex.Cr.App. 1968); *Ex parte McDonald*, 469 S.W.2d 173 (Tex.Cr.App.1971); *Ex parte Fletcher*, 442 S.W.2d 705 (Tex.Cr.App.1969); *Ex parte Fuller*, 435 S.W.2d 515 (Tex.Cr.App.1969); *Ex parte Buffington*, 439 S.W.2d 345 (Tex.Cr.App.1969); *Ex parte Bird*, 457 S.W.2d 559 (Tex.Cr.App. 1970).

5. In *O'Hern* the State, *without objection*, offered the record of the previous trial as evidence and the transcription of the court reporter's notes of the previous trial was incorporated into the record of the hearing on the motion to revoke probation and came forward as part of the record on appeal from the revocation. Thus, *O'Hern* is in a slightly different posture than the other case. This writer concurred in *O'Hern* because of the failure to object and because the situation was more alike to a stipulation of evidence than "judicial notice."

neither considers nor explains Article 39.01, V.A.C.C.P., and the predicate it requires for admission of testimony of a prior hearing. In *Carver v. State*, 510 S.W.2d 349 (Tex.Cr. App.1974), cert. denied 419 U.S. 841, 95 S.Ct. 71, 42 L.Ed.2d 68, it was held that for prior testimony given by a witness at a former trial or hearing to be admissible at a subsequent trial it must be shown that the witness' prior testimony was given under oath, that it was competent, that the accused was present and had adequate opportunity to cross-examine through counsel and that the accused was the defendant at the former trial or hearing upon the same charge, and that such predicate must be clearly and satisfactorily established before the prior testimony can be reproduced. See also *Forbes v. State*, 513 S.W.2d 72 (Tex.Cr. App.1974); *Whitehead v. State*, 450 S.W.2d 72 (Tex.Cr.App.1968).

The majority seems to justify its position "in light of the special considerations surrounding . . . revocation proceedings." Although it is acknowledged that a probationer is entitled to due process in revocation proceedings,[6] attention is called to the fact that the State's burden of proof is by a preponderance of evidence, *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr.App. 1974),[7] that the relationship between the probationer and the court is contractual in nature,[8] and that evidentiary requirements are not to be strictly enforced, etc. This is a further extension of the "anything goes" approach by the majority to revocation proceedings, further eroding the due process requirements applicable to such proceedings. The attitude is that if it is a revocation proceeding, who cares. See, e. g., the dissents in *Casarez v. State*, 468 S.W.2d 412, 414 (Tex.Cr.App.1971); *Barnes v. State*, 467 S.W.2d 437, 441 (Tex.Cr.App.1971). See also the dissent in *Barrientez* at p. 478.

The majority recognizes in part the weakness of its position when it states:

"In abating this case we neither encourage nor suggest that the State in future cases of a similar posture should allow submission of the appeal without identification of the facts judicially noticed, with the expectation that an abatement may be ordered to allow perfection of the record. The number of abatements by this Court is already a considerable burden on the criminal justice system . . . ."

The majority admits that the State can take advantage of today's ruling. So if the State feels no appeal will be taken, it will take advantage of the *Barrientez* rule, and if perhaps, an appeal is taken, the State will relax because it knows an abatement will result. The State will continue its present practices despite the majority's other suggestions.

Why doesn't this court face up to the problem, and recognize that the *Barrientez* rule as to "judicial notice" was ill-conceived and should be overruled. It creates more problems than it solves. *Barrientez* and its progeny should be overruled.

For the reasons stated, I dissent.

DOUGLAS, Judge, dissenting.

The majority still follows the rule in *Barrientez v. State*, 500 S.W.2d 474 (Tex.Cr. App.1973). In that case this Court held that a trial judge in a revocation of probation hearing may take judicial notice of testimony offered at a prior trial over which the same trial judge presided. It would be an illogical and futile act to require witnesses to appear before a judge during the revocation hearing when the

6. See *Campbell v. State*, 456 S.W.2d 918 (Tex. Cr.App.1970); *Whisenant v. State*, 557 S.W.2d 102 (Tex.Cr.App.1977); *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *McConnell v. Rhay*, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968).

7. See this writer's dissenting opinion in *Scamardo* and the earlier dissent in *Kelly v. State*, 483 S.W.2d 467, 473 (Tex.Cr.App.1972), argu-

ing that the proper burden of proof should be beyond a reasonable doubt where an individual's liberty is at stake.

8. No opinion has ever considered whether such is true where the jury recommends probation and the judge must grant probation. Of course, a jury recommendation is not here involved.

same judge had already heard their testimony, while they were subject to cross-examination, on the same fact issue.

A majority abates the appeal because there is no statement of facts of the trial where the same judge heard the evidence and considered it in the present case to revoke probation. Appellant did not ask that a transcription of that evidence be typed and included in the record. That burden is on him. The case is that simple.

Article 40.09, Sections 2 and 5, V.A.C. C.P., provide:

"2.   Each party may file with the clerk a written designation specifying matter for inclusion in the record. The failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation specifying such matter be not filed with the clerk within sixty days after notice of appeal is given.

" *   *   *

"5.   A party desiring to have included in the record a transcription of notes of the reporter shall have the responsibility of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record and the defendant shall pay therefor. The court will order the reporter to make such transcription without charge to defendant if the court finds, after hearing in response to affidavit by defendant that he is unable to pay or give security therefor. Upon certificate of the court that this service has been rendered, payment therefor shall be made from the general funds by the county in which the offense is alleged to have been committed in a sum to be set by the trial judge. The court reporter shall report any portion of the proceedings requested by either party or directed by the court."

The dissent by the Presiding Judge, who would reverse, constructs a straw man by stating that we must have a means to review the sufficiency of the judicially no-

ticed evidence, and then knocks it down by reasoning that it surely cannot be the defendant's burden to get such evidence in the record. Why not? He could follow Article 40.09 and request it as has been provided for by the Legislature. It has always been the rule that an appellant must see that a record is prepared on appeal so that the sufficiency of the evidence may be reviewed.

The burden is on the party desiring a transcription of the court reporter's notes of the evidence adduced at trial and to furnish the transcription to the clerk for inclusion in the record. Article 40.09, Section 5, supra. See *Ex parte Denson*, 165 Tex.Cr.R. 420, 307 S.W.2d 952 (1957). Moreover, no amount of judicial embroidery can obscure this Court's long-standing rule that questions regarding the sufficiency of the evidence are not presented for review where the appellate record contains no statement of facts. See, e. g., *Hankins v. State*, 163 Tex.Cr.R. 553, 294 S.W.2d 850 (1956); *Williams v. State*, 164 Tex.Cr.R. 138, 297 S.W.2d 169 (1957); *Cooper v. State*, 365 S.W.2d 793 (Tex.Cr.App.1963); *Pizzitola v. State*, 374 S.W.2d 446 (Tex.Cr.App.1963); *Sullivan v. State*, 377 S.W.2d 952 (Tex.Cr. App.1964); *Price v. State*, 378 S.W.2d 312 (Tex.Cr.App.1964); *Beavers v. State*, 378 S.W.2d 329 (Tex.Cr.App.1964); *Slade v. State*, 400 S.W.2d 570 (Tex.Cr.App.1966); *Herbort v. State*, 422 S.W.2d 456 (Tex.Cr. App.1967); *Daughtrey v. State*, 544 S.W.2d 158 (Tex.Cr.App.1976).

Appellant was not an indigent and was apparently represented by retained counsel at trial and is represented by retained counsel on appeal. He should have asked for and paid for a transcription of the court reporter's notes and furnished the transcription to the clerk for inclusion in the record. If the record of the prior trial had been typed before the revocation proceeding, would the majority require the court to see that it was included in the record without a request under the statute?

In the absence of a complete transcription of the court reporter's notes of the prior trial, the question of the sufficiency of

the evidence to support the revocation order cannot be reviewed and the judgment should be affirmed. See and cf. *Goodings v. State*, 500 S.W.2d 173 (Tex.Cr.App.1973), and *Daughtrey v. State*, supra. That the absent statement of facts was recorded in a prior trial, and not in the revocation hearing, does not require a different result because appellant knew the sole basis for the revocation of probation was the testimony of the prior trial. This case is like any other case where the sufficiency of the evidence is attacked but there has been no request for the evidence to be included in the record.

In *East v. State*, 420 S.W.2d 414 (Tex.Cr. App.1967), defendant was convicted of murder without malice. He filed a motion for new trial alleging jury misconduct. The evidence adduced at the hearing was not included in the record on appeal because he failed to file with the clerk a written designation specifying that evidence for inclusion in the record as required by Article 40.09, Section 2, supra.

On appeal, defendant contended that the trial court erred in refusing permission to file additional transcript relating to the hearing on the motion for new trial. This Court rejected that contention because of the failure to designate the evidence contained in the transcript and refused to consider the contention regarding the motion for new trial because nothing was presented for review. The judgment was affirmed.

In *Hammond v. State*, 465 S.W.2d 748 (Tex.Cr.App.1971), defendant was convicted of felony theft. He contended on appeal that the trial court erred in failing to grant his motion for inclusion in the record of the transcript of evidence of a prior trial in which he was convicted for murder without malice. We rejected the contention and affirmed the judgment because defendant did not designate the transcript of the prior trial for inclusion in the record and because no attempt was made to show the relevancy of such transcription. It appears, however, that the failure to comply with Article 40.-09, Section 2, supra, was sufficient in itself to require affirmance.

In the instant case appellant made no effort to incorporate the testimony of the prior proceeding into the record. In this connection, if the court reporter's notes from that trial were not available because they had been lost or destroyed or had never been transcribed, then it was incumbent upon appellant to show the reason for the absence of the statement of facts by securing an affidavit from the reporter. Upon a showing that the reporter's notes were requested and were unavailable we would be compelled to reverse the judgment revoking probation. Cf. *Ex parte Coleman*, 487 S.W.2d 119 (Tex.Cr.App.1972). No such showing was made by appellant in this case.

In *Ex parte Henderson*, 565 S.W.2d 50 (Tex.Cr.App.1978), and *Ex parte Sims*, 565 S.W.2d 45 (Tex.Cr.App.1978) (opinion on motion for rehearing), we held that a decision in a habeas corpus hearing must be affirmed when the record on appeal contains no statement of facts. We should do no less in the instant case and adhere to the well-established rule that the judgment must be affirmed on direct appeal when defendant evades his statutorily imposed responsibility to obtain and pay for a transcription of the court reporter's notes and to furnish the transcription to the clerk for inclusion in the record. The question regarding the sufficiency of the evidence is not presented for review.

It would be useless to abate the appeal so that the evidence introduced at the prior trial could be prepared because appellant did not designate that this evidence be included in the record. Under *East v. State*, supra, the trial court is not required to have such evidence included in the record. See *Dart v. State*, 515 S.W.2d 119 (Tex.Cr.App. 1974), a later case on the subject containing a well-reasoned opinion by Judge Tom Davis.

The majority should require appellant to pay for the record in accordance with Article 40.09, supra.

No error is shown. The judgment should be affirmed.

PHILLIPS, Judge, dissenting.

I dissent to the majority's disposition of this case due to the fact it is erroneously decided on two grounds. First, and foremost, is the majority's reliance on *Barrientez v. State*, Tex.Cr.App., 500 S.W.2d 474. In *Barrientez*, this Court erroneously extended the doctrine of judicial notice to allow the trial judge, at a revocation of probation hearing, to judicially notice evidence introduced in a prior proceeding. After the trial judge took judicial notice of the evidence in *Barrientez*, this Court affirmed the judgment *assuming* that if the testimony at the prior proceeding had been in the appellate record, it would have been sufficient to support the revocation.[1] With such an extension and perversion of the doctrine of judicial notice I cannot agree and I would overrule *Barrientez* and the subsequent cases which rely upon it. See, for example, *Green v. State*, Tex.Cr.App., 528 S.W.2d 617.

Assuming for the moment that *Barrientez* was correctly decided, the majority opinion abates the appeal in order for the "judicially noticed" testimony to be placed in the record. In this regard, the majority states:

"Under the *Barrientez* rule for revocation of probation hearings, the facts judicially noticed here were matters of testimony heard in the prior criminal trial, i. e., that certain witnesses gave certain testimony. Those facts, i. e., what the testimony was, is not shown in this record and is not known to this Court, and yet, to dispose of the issue of the sufficiency of the evidence raised in this case, such facts judicially noticed must be known to this Court."

The majority opinion then disposes of the matter by abating the appeal. However, such a result is inapposite to the holding (albeit erroneous) in *Green v. State*, supra. In *Green*, the defendant attacked the suffi-ciency of the evidence to support the revocation order where the trial court had simply taken judicial notice of the testimony introduced at a prior proceeding *without incorporating that testimony into the record in any way*. In *Green*, relying primarily on *Barrientez*, the judgment was *affirmed*. It is apparent that if this Court is to follow the decisions in *Barrientez* and *Green,* the majority must affirm the revocation order.

However, I join with Presiding Judge Onion in proposing a solution to the problem presently facing this Court. *Barrientez* and its progeny should be overruled. In so doing, this Court would again adopt the general rule as stated in 29 Am.Jur.2d, Evidence, Sec. 58:

"[T]he courts will not take judicial notice of the proceedings or record in another cause, whether such cause was tried in the same court or in another court, so as thereby to supply, without the formal introduction of evidence, facts essential to the support of the particular cause before the court from those shown in the prior cause. This rule applies even though the other proceeding bears upon the controversy under consideration, and even though it was between the same parties. Unforeseeable consequences could result from any such rule as that in the trial or hearing of a particular cause the plaintiff or complainant could present therein a part of the facts of his case and thereupon call upon the court to take judicial notice of the record in another cause, even in the same court, whereby to supply the remainder of the facts essential to a decree or judgment in his favor in the instant cause before the court. If the courts were to take judicial notice of facts adjudicated in another cause, it would make such facts, although unsupported by evidence in the instant cause, conclusive against the opposing party, while if they had been properly intro-

---

1. In this regard, I disagree with the view expressed in the dissenting opinion by Presiding Judge Onion. I prefer to solely view the holding in *Barrientez* as being erroneously decided rather than assume also that the majority in that case improperly considered the record in another appellate case.

duced, they might have been met and overcome by him." [2]

The adoption of such a rule would require the State to introduce into evidence the transcription of the court reporter's notes of the prior proceeding.[3] Such a procedure would not only allow this Court to properly determine the sufficiency of the evidence but would also afford a defendant the opportunity to rebut the introduction of that testimony.[4]

To follow the rule originally espoused in *Barrientez* could lead to unreasonable results. A defendant on probation could be tried and *acquitted* of a subsequent offense; and yet, under the lower standard of proof in a revocation proceeding, the trial judge could later take "judicial notice" of the testimony offered in that acquittal and in considering that testimony with all the reasonable inferences, the trial court could revoke a defendant's probation. This revocation could be accomplished by the State without presenting any evidence or placing any witnesses on the stand. Such a procedure could only be termed unfair as it would not afford a defendant the opportunity to rebut the prior testimony nor would it allow this Court to review the sufficiency of the evidence on appeal.[5] With such a result I cannot agree.

**2.** See *Butler v. Eaton*, 141 U.S. 240, 11 S.Ct. 985, 35 L.Ed. 713 (1891); *Funk v. Commissioner of Internal Revenue*, 163 F.2d 796 (3rd Cir. 1947); *Fox v. Schaeffer*, 131 Conn. 439, 41 A.2d 46 (1944). I recognize there are special circumstances where a trial court may be able to take judicial notice of certain proceedings in a prior case; however, such a situation is not present in the case at bar. See generally 29 Am.Jur.2d, Evidence, Sec. 59. It has been held that a court may take judicial notice of the record in a prior case when passing on a demurrer. *Corliss v. Davidson and Case Lumber Company*, 183 Okl. 618, 84 P.2d 7 (1938); *Witzenburg v. State*, 140 Neb. 171, 299 N.W. 533 (1941); *Frank v. Wilson*, 27 Del.Ch. 292, 32 A.2d 277 (Del.Sup.Ct.1943); *Fleming v. Anderson*, 187 Va. 788, 48 S.E.2d 269 (1948). Further, some courts consider divorce a special form of action and allow judicial notice of a prior relevant matrimonial action on the reasoning that the state is an interested party and has a duty to ascertain all the pertinent facts. See *Commonwealth v. Branch*, 175 Pa.Super. 373, 104 A.2d 183 (1954); similarly, see *In Re Adoption of K.*, 417 S.W.2d 702 (Mo.App.1967). Cf. the following cases where the trial court did not take judicial notice of the contents of a prior proceeding. *Hail v. State*, 106 Tex.Cr.R. 511, 293 S.W. 831; *Calloway v. State*, 91 Tex. Cr.R. 502, 240 S.W. 553; *McClure v. State*, 100 Tex.Cr.R. 652, 273 S.W. 604; *White v. State*, 154 Tex.Cr.R. 498, 228 S.W.2d 183; *Horman v. State*, Tex.Cr.App., 423 S.W.2d 317; *Hardison v. State*, Tex.Cr.App., 450 S.W.2d 638.

**3.** In *Alley v. State*, 154 Tex.Cr.R. 145, 225 S.W.2d 970, the trial judge took judicial notice of prior proceedings involving the same defendant in assessing punishment. After quoting from the trial judge's statement of facts, which were based on consideration of "judicial knowledge" of the substance of the prior proceedings, this Court stated: "It scarcely seems necessary to go further than set out the court's own reasons for fixing the punishment in this case to demonstrate an error calling for a reversal of the judgment."

In *State v. Shreve*, 30 Utah 2d 100, 514 P.2d 216 (1973), that court stated:
"It seems to be the law that a court will take judicial knowledge of its own records insofar as those records are a part of the matter before the court. However, records of other proceedings in the court cannot be judicially noticed and must be introduced in evidence in order to be considered in the pending case."

**4.** In *Knorp v. Thompson*, 352 Mo. 44, 175 S.W.2d 889 (1943), that court stated:
"[A] party should have the issues of fact of his case, or of his defense, decided, and the sufficiency of the evidence thereon reviewed, upon evidence lawfully introduced in the trial of his case, or defense, in the trial court. It is there that he has the opportunity to confront and cross-examine the witnesses who may testify against him and examine such documentary proof as may be introduced into evidence by the adverse party. It is only in the trial court that a party has an opportunity to rebut, impeach, or explain, if he can, such evidence as may be adverse to his cause. And a party may justly be required to introduce in the trial in the trial court the evidence upon which he depends to sustain his case, or defense, for there only has the adverse party the opportunity to confront the witnesses, examine the documentary proof and rebut, impeach, or explain such evidence as may appear adverse to him. It is not just that a court should, in deciding the issues of a case, consider evidence introduced in another and different case, and thus decide a case upon evidence which a party had been afforded no opportunity to refute."

**5.** I recognize that a prior acquittal can be the basis of a revocation proceeding due to the lower standard of proof required in a probation

This Court has consistently held that due process of law applies to revocation proceedings. *Campbell v. State*, Tex.Cr.App., 456 S.W.2d 918; *Spencer v. State*, Tex.Cr.App., 503 S.W.2d 557; *Nicklas v. State*, Tex.Cr.App., 530 S.W.2d 537; see also *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

For the reasons stated, I respectfully dissent.

revocation. *Scamardo v. State*, Tex.Cr.App., 517 S.W.2d 293; *Russell v. State*, Tex.Cr.App., 551 S.W.2d 710. The example is given to point out that grave due process questions might be raised if a trial court can revoke a defendant's probation by simply taking "judicial notice" of a prior record without the introduction of any evidence by the State at the revocation hearing.